RECEIPT #
AMOUNT $ 350
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 5-12-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STONINGTON VINEYARDS, INC.  )
ROBERTA WOLMAN, and          )
NICK PAPPAS,                 )
                             )  CIVIL ACTION
       Plaintiffs,           )
                             )  No. _____
       vs.                   )
                             )
EDDIE J. JENKINS, in his official )
capacity as Chairman of the Massachusetts )
Alcoholic Beverages Control Commission, )
                             )
       Defendant             )  05-10982 JLT

## COMPLAINT

MAGISTRATE JUDGE _____

The Plaintiffs Stonington Vineyards, Inc., Roberta Wolman and Nick Pappas ("the Plaintiffs") make the following allegations for their Civil Complaint based upon information and belief, except for the allegations pertaining to the Plaintiffs, which are based upon personal knowledge.

### INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. 1983 challenging the constitutionality of portions of Mass. Gen. Laws ch. 138, §§ 2, 18 and 19B to the extent that they permit only Massachusetts residents to obtain a license to sell and ship wine directly to consumers and retailers, and prohibit out-of-state wineries from selling and shipping wine directly to consumers and retailers within the Commonwealth of Massachusetts. The Plaintiffs seek a declaratory judgment that these provisions violate

1

the Commerce Clause of the United States Constitution and that plaintiffs have been deprived under color of law of their constitutional rights and privileges to engage in interstate commerce. Plaintiffs seek an injunction requiring defendant to issue winery licenses without regard to residence, and barring defendant from enforcing these provisions to prohibit out-of-state wineries from selling and shipping wine directly to consumers and licensed retail wine sellers.

## JURISDICTION

1. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

2. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

## PLAINTIFFS

3. Plaintiffs Roberta Wolman and Nick Pappas reside in Middlesex County, Massachusetts. They are over the age of twenty-one. They are regular purchasers and consumers of wine, and would purchase bottled wine from out-of-state wineries and have those wines shipped to their residences if Massachusetts law permitted them to do so.

4. Plaintiff Stonington Vineyards, Inc. is an out-of-state winery located in Stonington, Connecticut. It holds all necessary Connecticut and federal licenses and permits to manufacture and sell wine in interstate commerce. It would sell and ship wines directly to Plaintiffs Wolman, Pappas, and other consumers at their residences, and to

licensed retail wine sellers at their places of business, in the Commonwealth of Massachusetts, if state law permitted it to do so.

5. Plaintiffs intend to pay all taxes that may be due on such interstate shipments and to comply with all other Massachusetts laws and regulations.

## DEFENDANT

6. Defendant is sued in his official capacity. He is the Chairman of the Massachusetts Alcoholic Beverages Control Commission, which is charged with the authority to enforce the Massachusetts laws relating to the sale and shipment of alcoholic beverages and to regulate the issuance of permits to wineries who wish to sell, deliver or ship wine in Massachusetts.

7. Defendant is acting under color of state law when he enforces or supervises the enforcement of the statutes and regulations challenged herein.

## COUNT I

### COMMERCE CLAUSE VIOLATION: DISCRIMINATION AGAINST OUT-OF-STATE WINERIES WITH RESPECT TO SALES AND SHIPMENTS TO CONSUMERS

8. In the Commonwealth of Massachusetts, an in-state winery may sell and deliver wine directly to consumers from the winery premises, without going through a separate wholesaler and retailer, if the winery obtains a farmer-winery license from the defendant.

9. The defendant will issue a farmer-winery license only to a winery located within Massachusetts, and only to Massachusetts residents. The defendant will not issue a

farmer-winery license to Stonington Vineyards, Inc. or other wineries located out of state and owned by nonresidents.

10. Plaintiff Stonington Vineyards, Inc., and other wineries located outside the Commonwealth of Massachusetts may not sell, deliver or ship their wine directly to consumers in the Commonwealth of Massachusetts, but may only sell their wine in through a separate wholesaler and retailer.

11. Plaintiffs Wolman and Pappas want to buy wine directly from Stonington Vineyards and other out-of-state wineries by Internet and telephone order, and in person on the wineries' premises, and to have the wine delivered to their residences. They are willing to pay all taxes on such purchases.

12. Plaintiff Stonington Vineyards is located in the state of Connecticut, produces bottled wine for commercial sale, and wants to sell its wine directly to Plaintiffs Wolman, Pappas, and other consumers in the Commonwealth of Massachusetts by Internet and telephone ordering, and in face-to-face transactions on its premises, and to ship the wine to the customers' residences.

13. Plaintiff Stonington Vineyards has previously received requests from residents of the Commonwealth of Massachusetts to sell, deliver and ship wine to them.

14. Plaintiffs cannot complete the transactions described in paragraphs 11-13, because the laws of the Commonwealth of Massachusetts prohibit them.

15. If Stonington Vineyards were permitted to sell and deliver its wine directly to consumers in the Commonwealth of Massachusetts, it would comply with all applicable

laws and regulations concerning permits, licenses, labeling, reporting, proof of age, and payment of taxes.

16. The laws of the Commonwealth of Massachusetts treat interstate sales and delivery of wine to adults differently from intra-state sales and delivery of wine to adults, discriminate against out-of-state wineries, and provide economic advantages and protection to in-state wineries, all in violation of the Commerce Clause of the United States Constitution.

## COUNT II

### COMMERCE CLAUSE VIOLATION: DISCRIMINATION AGAINST OUT-OF-STATE WINERIES WITH RESPECT TO SALES TO LICENSED RETAIL WINE SELLERS

17. In the Commonwealth of Massachusetts, an in-state winery may sell, deliver and ship its wine directly to licensed retail wine sellers, for resale to consumers, without going through a separate wholesaler, if the winery obtains a farmer-winery license from the defendant.

18. The defendant will issue a farmer-winery license only to wineries located within the Commonwealth of Massachusetts and only to persons who are Massachusetts residents. The defendant will not issue a farmer-winery license to Stonington Vineyards or other wineries located out of state and owned by nonresidents.

19. Plaintiff Stonington Vineyards and other wineries located outside the Commonwealth of Massachusetts may not sell, deliver or ship their wine directly to

licensed retail wine sellers in the Commonwealth of Massachusetts, but may only sell their wine through a separate wholesaler.

20.  Plaintiff Stonington Vineyards is located in the state of Connecticut, produces bottled wine for commercial sale, and wants to sell its wine directly to licensed retail wine sellers in the Commonwealth of Massachusetts, but is prohibited from doing so by the laws of the Commonwealth of Massachusetts.

21.  If Stonington Vineyards were permitted to sell and deliver its wine directly to licensed retail wine sellers, it would comply with all applicable laws and regulations concerning permits, licenses, reporting, labeling, proof of age, and payment of taxes.

22.  The laws of the Commonwealth of Massachusetts treat interstate sales and delivery of wine to licensed retail wine sellers differently from intra-state sales and delivery of wine to retail wine sellers, discriminate against out-of-state wineries, and provide economic advantages and protection to in-state wineries, all in violation of the Commerce Clause of the United States Constitution

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A.  Judgment declaring Mass. Gen. Laws ch. 138 §§ 2, 18, and 19B unconstitutional to the extent that they prohibit out-of-state wineries from selling and delivering wine directly to consumers and licensed retail wine sellers in the Commonwealth of Massachusetts, as a violation of the Commerce Clause of the United States Constitution.

B.  Judgment declaring Mass. Gen. Laws ch. 138 §§ 2, 18, and unconstitutional to the extent that they impose a residency requirement on the issuance of farmer-winery licenses under which wineries may sell wine directly to consumers and licensed retail wine sellers in the Commonwealth of Massachusetts, as a violation of the Commerce Clause of the United States Constitution.

C.  An injunction prohibiting defendant from enforcing the residency requirement in Mass. Gen. Laws ch. 138, § 19B and requiring defendant to issue winery licenses without regard to residence.

D.  An injunction requiring the defendant to allow out-of-state wineries to sell and deliver wine directly to consumers and licensed retail wine sellers in Massachusetts.

E.  Plaintiffs do not request that the Commonwealth be enjoined from collecting any tax due on the sale of wine.

F.  An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

      G.    Such other relief as the Court deems appropriate to afford Plaintiffs full relief.

                Respectfully submitted,

                /s/ Maureen E. Curran
                Maureen E. Curran
                BBO# 558826
                LAW OFFICE OF MAUREEN E. CURRAN
                50 Congress St
                Boston MA 02109
                Tel: 617-227-4100
                Fax: 617-227-4105
                maureen@maureencurran.com

                and

                Robert D. Epstein (IN Attorney No. 6726-49)
                EPSTEIN, COHEN, DONAHOE & MENDES
                50 S. Meridian St. Suite 505
                Indianapolis, IN   46204
                Tel: 317-639-1326
                Fax: 317-638-9891
                Rdepstein@aol.com
                *Motion to Appear Pro Hac Vice Pending*

                and

                James A. Tanford (IN Attorney No. 16982-53)
                INDIANA UNIVERSITY SCHOOL OF LAW
                211 South Indiana Avenue
                Bloomington, IN   47405
                Tel: 812-855-4846
                Fax: 812-855-0555
                tanford@indiana.edu
                *Motion to Appear Pro Hac Vice Pending*

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Stonington Vineyards, Inc., Roberta Wolman and Nick Pappas

**DEFENDANTS** Massachusetts Alcoholic Beverage Control Comm, Jenkins, Eddie J., Chairman

**(b)** County of Residence of First Listed Plaintiff __Middlesex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See Attachment

Attorneys (If Known)
05 10982 JLT

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☒ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. s. 1983
Brief description of cause: Unconstitutionality of state wine shipping law under the Commerce Clause

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Dec. Judg. & Inj.
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 5/12/05
SIGNATURE OF ATTORNEY OF RECORD /s/ Moore E. Q___

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

CIVIL COVER SHEET ATTACHMENT

1. (a) Plaintiffs:

Stonington Vineyards, Inc., located in New London County, CT
Wolman, Roberta, Middlesex County, Massachusetts
Pappas, Nick, Middlesex County, Massachusetts

(c) Attorneys:

Maureen E. Curran
BBO# 558826
LAW OFFICE OF MAUREEN E. CURRAN
50 Congress St
Boston MA 02109
Tel: 617-227-4100
Fax: 617-227-4105
maureen@maureencurran.com

Robert D. Epstein (IN Attorney No. 6726-49)
EPSTEIN, COHEN, DONAHOE & MENDES
50 S. Meridian St. Suite 505
Indianapolis, IN   46204
Tel: 317-639-1326
Fax: 317-638-9891
Rdepstein@aol.com
*Motion to appear Pro Hac Vice pending*

James A. Tanford (IN Attorney No. 16982-53)
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN   47405
Tel: 812-855-4846
Fax: 812-855-0555
tanford@indiana.edu
*Motion to appear Pro Hac Vice pending*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Stonington Vineyards, Inc. v. Jenkins**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

    05 10982 JLT

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐   NO ☒
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☒   NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☒   Central Division ☐   Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __MAUREEN E. CURRAN__
ADDRESS __50 CONGRESS ST, BOSTON MA 02109__
TELEPHONE NO. __617-227-4100__

(CategoryForm.wpd -5/2/05)