# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

STONINGTON VINEYARDS, INC.,
ROBERTA WOLMAN and NICK PAPPAS,

Plaintiffs,

v.

CIVIL ACTION
NO. 05-CV-10982-JLT

EDDIE J. JENKINS, in his official capacity as
Chairman of the Massachusetts Alcoholic
Beverages Control Commission,

Defendant.

## DEFENDANT'S ANSWER

The defendant Eddie J. Jenkins, in his official capacity as Chairman of the Massachusetts

Alcoholic Beverages Control Commission, answer the allegations of the Complaint as follows:

The two unnumbered introductory paragraphs of the complaint merely characterize this

action and so require no response.

1.    The allegations contained in Paragraph 1 constitute conclusions of law or legal

argument to which no response is required.

2.    The allegations contained in Paragraph 2 constitute conclusions of law or legal

argument to which no response is required.

3.    The defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 3.

4.    The defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 4.

5.    The defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 5.

6.     The allegation contained in the first sentence of Paragraph 6 merely characterizes the complaint and so requires no response. The defendant admits the remaining allegations contained in Paragraph 6, but answering further, states that Paragraph 6 does not constitute a full description of the regulatory authority of the Massachusetts Alcoholic Beverages Control Commission (the Commission). Answering further, the defendant states that although the complaint names as a defendant only the chairman of the Commission, the Commission "consist[s] of a commissioner and 2 associate commissioners appointed by the treasurer," and "[t]wo members shall constitute a quorum for the purpose of conducting the business of the commission." Mass. Gen. Laws c. 10, § 70.

7.     The allegations contained in Paragraph 7 constitute conclusions of law or legal argument to which no response is required.

8.     The allegations contained in Paragraph 8 constitute conclusions of law or legal argument to which no response is required.

9.     The allegations contained in Paragraph 9 constitute conclusions of law or legal argument to which no response is required.

10.    The allegations contained in Paragraph 10 constitute conclusions of law or legal argument to which no response is required.

11.    The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.    The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     The allegations contained in Paragraph 14 constitute conclusions of law or legal argument to which no response is required.

15.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     The allegations contained in Paragraph 16 constitute conclusions of law or legal argument to which no response is required.

17.     The allegations contained in Paragraph 17 constitute conclusions of law or legal argument to which no response is required.

18.     The allegations contained in Paragraph 18 constitute conclusions of law or legal argument to which no response is required.

19.     The allegations contained in Paragraph 19 constitute conclusions of law or legal argument to which no response is required.

20.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     The allegations contained in Paragraph 22 constitute conclusions of law or legal argument to which no response is required.

3

WHEREFORE, defendant Eddie J. Jenkins requests that this Court:

1.     Enter judgment for defendant and award him his costs and disbursements in

defending against this action; and

2.     Order such other and further relief as this Court may determine to be just and

proper.

By his attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

Thomas A. Barnico, BBO No. 030040
David Hadas, BBO No. 641294
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, ext. 2086
tom.barnico@ago.state.ma.us
david.hadas@ago.state.ma.us

Dated: June 21, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above
document was served upon the attorney of
record for each other party by mail (by hand)
on   6/21/05   .

4