UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STONINGTON VINEYARDS, INC. et al. | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | No. 1:05cv-10982-JLT |
| | ) | |
| EDDIE J. JENKINS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Come now plaintiffs, by counsel, and move the Court pursuant to FED. R. CIV. P. 12(c) to grant judgment on the pleadings in favor of plaintiffs for the relief requested in the complaint. In support of this motion, plaintiffs would show:

1) This case challenges the constitutionality of Massachusetts laws that prohibit out-of-state wineries from selling and shipping wine directly to customers in Massachusetts.

2) Plaintiffs amended the complaint on August 2, 2005, with the consent of the defendant, to make technical corrections to the names of some of the parties, but no changes were made in the substantive allegations of the complaint.

3) On May 16, 2005, the Supreme Court issued a decision in *Granholm v. Heald,* 125 S.Ct. 1885 (2005), in which it struck down similar laws in Michigan and New York as unconstitutional. holding such laws unconstitutional. The Court held that it was a violation of

1

the Commerce Clause for a state to allow in-state wineries to sell wine directly to consumers but to prohibit out-of-state wineries from doing so. The Court said that the states' interests in protecting minors, raising revenue, and regulating distribution were inadequate to justify the prohibition

4) Massachusetts law allows its in-state wineries to sell directly to consumers and licensed retail wine sellers, but prohibits out-of-state wineries from doing so. This statutory scheme is unconstitutional on its face under *Granholm*. No matters outside the pleadings are needed to enter judgment in favor of plaintiffs in the present case.

5) Plaintiffs have conferred with counsel for the defense, as shown in the accompanying certificate, and have been unable to resolve the issue.

WHEREFORE, as more fully elaborated in the accompanying memorandum, plaintiffs request that this Court issue a judgment and order:

a) Granting plaintiffs' motion for judgment on the pleadings.

b) Declaring Mass. Gen. Laws ch. 138 §§ 2, 18, and 19B unconstitutional to the extent that they prohibit out-of-state wineries from selling and delivering wine directly to consumers and licensed retail wine sellers in the Commonwealth of Massachusetts, as a violation of the Commerce Clause of the United States Constitution.

c) Enjoining defendants from enforcing Mass. Gen. Laws ch. 138 §§ 2, 18, and 19B so as to prohibit out-of-state wineries from selling and shipping wine directly to consumers and licensed retail wine sellers in Massachusetts.

d) Awarding costs and expenses to Plaintiffs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

Dated: August 5, 2005.                    Respectfully submitted by

                                          Attorneys for Plaintiffs:


                                           /s/  **James A. Tanford**
                                          James A. Tanford
                                          Indiana University School of Law
                                          211 South Indiana Avenue
                                          Bloomington, IN   47405
                                          (812) 855-4846
                                          tanford@indiana.edu

                                          Robert D. Epstein
                                          EPSTEIN COHEN DONAHOE & MENDES
                                          50 S. Meridian St., Suite 505
                                          Indianapolis IN  46204
                                          (317) 639-1326
                                          Rdepstein@aol.com

                                          Maureen E. Curran
                                          LAW OFFICE OF MAUREEN E. CURRAN
                                          50 Congress St
                                          Boston MA 02109
                                          (617) 227-4100
                                          maureen@maureencurran.com

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2005, I filed the foregoing Motion for Judgment on the Pleadings, together with the Memorandum in Support and Proposed Order, with the Clerk of the Court through the Electronic Filing System, and also mailed a copy of by United States mail to the attorneys of record for Defendants:

David Hadas
Thomas A. Barnico
Mass. Attorney General's Office
One Ashburton Pl, Rm 2019
Boston MA  02108-1598
david.hadas@ago.state.ma.us
tom.barnico@ago.state.ma.us

      /s/  **James A. Tanford**
James A. Tanford
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN   47405
(812) 855-4846
tanford@indiana.edu

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON VINEYARDS, INC. et al. ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| vs. ) | No. 1:05cv-10982-JLT |
| ) | |
| EDDIE J. JENKINS, et al. ) | |
| ) | |
| Defendant ) | |

**ORDER**

This matter is before the Court on Plaintiffs' motion for judgment on the pleadings. Plaintiffs assert that Massachusetts' statutory scheme that prohibits out-of-state wineries from selling and shipping wine directly to consumers and licensed retail wine sellers, while allowing in-state wineries to do so, is unconstitutional under the authority of *Granholm v. Heald*, 125 S.Ct. 1885 (May 16, 2005).

The specific laws at issue in this case are Mass. Gen. Laws, ch. 138, §§ 2, 18, and 19B. Three provisions prohibit direct sales and shipments of wine from out-of-state wineries:

1. Mass. Gen. Laws § 2 provides that "No person shall ... sell ..., transport, import or export alcoholic beverages ... except as authorized by this chapter," and the chapter contains no authorization for out-of-state wineries to sell and ship wine into Massachusetts.

2. Mass. Gen. Laws § 18 provides that "the shipment of such [alcoholic] beverages into the commonwealth, except as provided in this section, is hereby prohibited" and the shipment of wine directly to consumers and retail wine sellers is not provided for.

    3. Mass. Gen. Laws § 18 also provides that "All alcoholic beverages [and] wines... shipped into the commonwealth ... shall be warehoused at the warehouse facilities of [a wholesale] licensee and held in his physical possession at such warehouse prior to reshipment to persons holding [retail] licenses," which prohibits shipping wine directly to retail licensees.

These provisions refer to all alcoholic beverages. The only beverage at issue in this case is wine, and this Order does not affect the validity of these sections with respect to other types of alcoholic beverages, such as beer and spirits. Nor does this Order affect the validity of other parts of sections 2 and 18 that do not address the sale and delivery of wine to consumers and retail wine sellers.

    Two statutory provisions impose a residency requirement on the issuance of licenses to sell and ship wine. Mass. Gen. Laws § 18 provides that licenses may be issued only to "any individual who is [a] resident of the Commonwealth." Mass. Gen. Laws § 19B provides that "the commission shall issue a farmer-winery license to any applicant who is both a citizen and resident of the commonwealth..." This Order does not affect the validity of other parts of those sections.

    The Court has determined that there are no factual issues that need to be resolved, and that this matter can be decided as a pure matter of law by examining the statutes and the Supreme Court's holding in *Granholm*. Under the authority of *Granholm*, 125 S.Ct. at 1891-92, it is unconstitutional for a state "to allow in-state wineries to sell wine directly to consumers in that State but to prohibit out-of-state wineries from doing so," to "grant in-state wineries a competitive advantage over wineries located beyond the States' borders." Massachusetts does just that, and its laws "discriminate against interstate commerce in violation of the Commerce Clause."

    IT IS THEREFORE ORDERED, DECLARED and ADJUDGED that the sections of Mass. Gen. Laws, ch. 138, §§ 2, 18, and 19B cited above violate the Commerce Clause by prohibiting

out-of-state wineries from selling and shipping wine directly to consumers and licensed retail wine sellers in the Commonwealth of Massachusetts.

IT IS FURTHER ORDERED that Defendants are ENJOINED from enforcing the sections of Mass. Gen. Laws, ch. 138, §§ 2, 18, and 19B cited above so as to prohibit out-of-state wineries from selling and shipping wine directly to consumers and licensed retail wine sellers in the Commonwealth of Massachusetts..

IT IS FURTHER ORDERED that Defendant will pay costs and reasonable attorneys' fees to Plaintiffs pursuant to 42 U.S.C. § 1988, in an amount to be determined in a subsequent proceeding, for which this Court retains jurisdiction.

This the ___ day of _____, 2005.

_____
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE