UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STONINGTON VINEYARDS, INC. et al. | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | No.  1:05cv-10982-JLT |
| | ) | |
| EDDIE J. JENKINS, et al. | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
## FOR JUDGMENT ON THE PLEADINGS

### I.  STANDARD FOR JUDGMENT ON THE PLEADINGS

Judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) is appropriate when the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law.  *Geupel v. Benson*, 704 F.Supp. 312, 313 (D. Mass. 1989). *See also Gulf Coast Bank & Trust Co. v. Reder,* 355 F.3d 35, 37-38 (1st Cir. 2004).  In considering a motion for judgment on the pleadings by plaintiff, the question is whether the case as alleged in the defendants' answer would, if true,  constitute a legal defense to plaintiffs' claim.  *United States v. Blumenthal*, 315 F.2d 351, 352-53 (3d Cir. 1963).  *See also American Honda Motor Co. v. Bernardi's, Inc.*,113 F.Supp.2d 58, 59-60 (D.Mass. 1999) (where only issue is one of statutory interpretation, judgment on the pleadings is appropriate proceeding).

1

## II.  MASSACHUSETTS' WINE LAWS DISCRIMINATE AGAINST OUT-OF-STATE WINERIES IN VIOLATION OF *GRANHOLM v. HEALD*.

### A. SUMMARY OF *GRANHOLM*

In *Granholm v. Heald*, 125 S.Ct. 1885 (2005), the Supreme Court held that it is unconstitutional for a state "to allow in-state wineries to sell wine directly to consumers in that State but to prohibit out-of-state wineries from doing so, or, at the least, to make direct sales impractical from an economic standpoint." Such laws "grant in-state wineries a competitive advantage over wineries located beyond the States' borders," and therefore "discriminate against interstate commerce in violation of the Commerce Clause." The Court held that "discrimination is neither authorized nor permitted by the Twenty-first Amendment." 125 S.Ct. at 1891-92. The Court then applied this nondiscrimination principle to wine shipping rules in Michigan and New York, and struck them down.

The Court said that a state cannot constitutionally require out-of-state wineries to distribute wine only through wholesalers, while allowing in-state wineries to bypass the wholesalers and sell directly to the public. Such a scheme gives in-state wineries a competitive advantage. The markups added by the wholesalers and retailers raise the cost of distribution for those out-of-state wineries able to obtain a wholesaler, and excludes from the market those small out-of-state wineries that cannot find a wholesaler. The Court said in no uncertain terms that this violates the Commerce Clause.[1]

> Time and again this Court has held that, in all but the narrowest circumstances, state laws violate the Commerce Clause if they mandate "differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." This rule is essential to the foundations of the Union. The mere fact of nonresidence should not foreclose a producer in one State from access to markets in other States..... Laws of the type at issue in the instant cases contradict these

---

[1]U.S. Const., art. I, § 8.

2

> principles. They deprive citizens of their right to have access to the markets of
> other States on equal terms....  The current patchwork of laws -- with some States
> banning direct shipments altogether, others doing so only for out-of-state wines,
> and still others requiring reciprocity -- is essentially the product of an ongoing,
> low-level trade war.  Allowing States to discriminate against out-of-state wine
> "invites a multiplication of preferential trade areas destructive of the very purpose
> of the Commerce Clause."

125 S.Ct. at 1895-96. (citations omitted).  States may not "grant[] in-state wineries access to the State's consumers on preferential terms."  125 S.Ct. at 1896.

The Court made it clear that the 21st Amendment does not authorize discrimination and is not a defense.

> The aim of the Twenty-first Amendment was to allow States to maintain an
> effective and uniform system for controlling liquor by regulating its
> transportation, importation, and use. The Amendment did not give States the
> authority to pass nonuniform laws in order to discriminate against out-of-state
> goods, a privilege they had not enjoyed at any earlier time.

125 S.Ct. at 1902.  The Court rejected the states' affirmative defense that restricting direct shipments from out-of-state wineries was necessary to keep alcohol out of the hands of minors, facilitate tax collection, facilitate orderly market conditions, protect public health and safety, and ensure regulatory accountability.  Each of these "objectives can also be achieved through the alternative of an evenhanded licensing requirement."  Differential treatment is not justified because the state has more control over local wineries.  125 S.Ct. at 1905-06.

In sum, *Granholm* holds that it is unconstitutional for a state with local wineries to have nonuniform laws that disadvantage out-of-state wineries, prohibit out-of-state wineries from selling and delivering wine directly to state residents, require out-of-state wineries to be sold through a separate wholesaler, or otherwise grant in-state wineries access to the state's consumers on preferential terms.  A state may have a three-tier system. in which producers sell to wholesalers who

3

sell to retailers, but if "the three-tier system is [used] only for sales from out-of-state wineries... [t]he differential treatment between in-state and out-of-state wineries constitutes explicit discrimination against interstate commerce."  125 S.Ct 1892.

## B.  MASSACHUSETTS' WINE LAWS VIOLATE *GRANHOLM*

The Massachusetts laws being challenged do exactly what the Supreme Court said was constitutionally forbidden.  Massachusetts has nonuniform laws regulating wine sales that disadvantage out-of-state wineries and give in-state wineries access to Massachusetts consumers on preferential terms.  An in-state winery is eligible for special "farmer-winery" licenses if the applicant is "both a citizens and resident of the commonwealth."  Mass Gen. Laws ch 138, § 19B.  Holders of those licenses are authorized to sell wine directly to consumers and to all kinds of licensed retail sellers (restaurants and wine stores) without going through a separate wholesaler, and to deliver those purchases.  *Id.*  Another section authorizes in-state farmer-winery license holders to ship wine by any parcel delivery service.  Mass. Gen. Laws ch 138, § 22, ¶ 9.

Out-of-state wineries are not eligible for the privileges that flow from holding a farmer-winery license because they are not "citizens and resident[s] of the commonwealth.   Mass Gen. Laws ch 138, § 19B.  No other license is available to an out-of-state winery.  See Mass Gen. Laws ch 138, § 18 (licenses may be issued only to "any individual who is [a] resident of the Commonwealth").  Without a license, it is illegal to sell and ship wine directly to a consumer or a retailer.  Massachusetts Gen. Laws, ch 138, § 18, provide that "No person shall ... sell ..., transport, import or export alcoholic beverages ... except as authorized by this chapter," which only issues such authority pursuant to a license.

Out-of-state wineries are therefore required to sell their wines only through wholesalers.  See

4

Mass Gen. Laws ch 138, § 18 ("All alcoholic beverages [and] wines... shipped into the commonwealth ... shall be warehoused at the warehouse facilities of [a wholesale] licensee and held in his physical possession at such warehouse prior to reshipment to persons holding [retail] licenses"). This is the discriminatory pattern struck down by the Supreme Court in Granholm. The Court held that it is unconstitutional for a state to "allow in-state wineries to sell wine directly to consumers [but] prohibit out-of-state wineries from doing so," 125 S.Ct. at 1891-92, "subject out-of-state wineries, but not local ones, to the three-tier system," 125 S.Ct. at 1896, and "grant in-state wineries a competitive advantage over wineries located beyond the States' borders" 125 S.Ct. at 1892, by "grant[ing] in-state wineries access to the State's consumers on preferential terms." 125 S.Ct. at 1896. Massachusetts' statutory scheme cannot pass muster under *Granholm*.

III. CONCLUSION

Massachusetts discriminates against out-of-state wineries. It prohibits them from selling wine directly to consumers and retailers in the commonwealth, while simultaneously granting this privilege to in-state wineries. Such a scheme violates *Granholm v. Heald*, and is unconstitutional on its face.


Dated: August 5, 2005.                          Respectfully submitted by
                                                Attorneys for Plaintiffs:

                                                 /s/  **James A. Tanford**
                                                James A. Tanford (JT3918)
                                                Indiana University School of Law
                                                211 South Indiana Avenue
                                                Bloomington, IN    47405
                                                (812) 855-4846
                                                tanford@indiana.edu

Robert D. Epstein
EPSTEIN COHEN DONAHOE & MENDES
50 S. Meridian St., Suite 505
Indianapolis IN  46204
(317) 639-1326
Rdepstein@aol.com

Maureen E. Curran
LAW OFFICE OF MAUREEN E. CURRAN
50 Congress St
Boston MA 02109
(617) 227-4100
maureen@maureencurran.com