UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON VINEYARDS, INC. ROBERTA WOLMAN, and NICK PAPAS, <br><br>Plaintiffs, <br><br>vs. <br><br>EDDIE J. JENKINS, in his official capacity as Chairman of the Massachusetts Alcoholic Beverages Control Commission, and SUZANNE IANNELLA and ROBERT H. CRONIN as Associate Commissioners of the Massachusetts Alcoholic Beverages Control Commission <br><br>Defendant | CIVIL ACTION <br><br>No. 05-CV-10982JLT |

## AMENDED COMPLAINT

The Plaintiffs Stonington Vineyards, Inc., Roberta Wolman and Nick Papas ("the Plaintiffs") make the following allegations for their Civil Complaint based upon information and belief, except for the allegations pertaining to the Plaintiffs, which are based upon personal knowledge.

## INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. 1983 challenging the constitutionality of portions of Mass. Gen. Laws ch. 138, §§ 2, 18 and 19B to the extent that they permit only Massachusetts residents to obtain a license to sell and ship wine directly to consumers and retailers, and prohibit out-of-state wineries from selling and

1

shipping wine directly to consumers and retailers within the Commonwealth of Massachusetts.  The Plaintiffs seek a declaratory judgment that these provisions violate the Commerce Clause of the United States Constitution and that plaintiffs have been deprived under color of law of their constitutional rights and privileges to engage in interstate commerce.  Plaintiffs seek an injunction requiring defendant to issue winery licenses without regard to residence, and barring defendants from enforcing these provisions to prohibit out-of-state wineries from selling and shipping wine directly to consumers and licensed retail wine sellers.

## JURISDICTION

1. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

2. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

## PLAINTIFFS

3. Plaintiffs Roberta Wolman and Nick Papas reside in Middlesex County, Massachusetts.  They are over the age of twenty-one.  They are regular purchasers and consumers of wine, and would purchase bottled wine from out-of-state wineries and have those wines shipped to their residences if Massachusetts law permitted them to do so.

4. Plaintiff Stonington Vineyards, Inc. is an out-of-state winery located in Stonington, Connecticut.  It holds all necessary Connecticut and federal licenses and permits to manufacture and sell wine in interstate commerce.  It would sell and ship wines

directly to Plaintiffs Wolman, Papas, and other consumers at their residences, and to licensed retail wine sellers at their places of business, in the Commonwealth of Massachusetts, if state law permitted it to do so.

5. Plaintiffs intend to pay all taxes that may be due on such interstate shipments and to comply with all other Massachusetts laws and regulations.

## DEFENDANT

6. Defendants are sued in their official capacity. Eddie J. Jenkins is the Chairman of the Massachusetts Alcoholic Beverages Control Commission and Suzanne Iannella and Robert H. Cronin are Associate Commissioners of the Massachusetts Alcoholic Beverages Control Commission (hereinafter "the ABCC"). The ABCC is charged with the authority to enforce the Massachusetts laws relating to the sale and shipment of alcoholic beverages and to regulate the issuance of permits to wineries who wish to sell, deliver or ship wine in Massachusetts.

7. Defendants are acting under color of state law when they enforce or supervise the enforcement of the statutes and regulations challenged herein.

## COUNT I

**COMMERCE CLAUSE VIOLATION: DISCRIMINATION AGAINST OUT-OF-STATE WINERIES WITH RESPECT TO SALES AND SHIPMENTS TO CONSUMERS**

8. In the Commonwealth of Massachusetts, an in-state winery may sell and deliver wine directly to consumers from the winery premises, without going through a separate wholesaler and retailer, if the winery obtains a farmer-winery license from the defendant.

9. The defendants will issue a farmer-winery license only to a winery located within Massachusetts, and only to Massachusetts residents. The defendants will not issue a farmer-winery license to Stonington Vineyards, Inc. or other wineries located out of state and owned by nonresidents.

10. Plaintiff Stonington Vineyards, Inc., and other wineries located outside the Commonwealth of Massachusetts may not sell, deliver or ship their wine directly to consumers in the Commonwealth of Massachusetts, but may only sell their wine in through a separate wholesaler and retailer.

11. Plaintiffs Wolman and Papas want to buy wine directly from Stonington Vineyards and other out-of-state wineries by Internet and telephone order, and in person on the wineries' premises, and to have the wine delivered to their residences. They are willing to pay all taxes on such purchases.

12. Plaintiff Stonington Vineyards is located in the state of Connecticut, produces bottled wine for commercial sale, and wants to sell its wine directly to Plaintiffs Wolman, Papas, and other consumers in the Commonwealth of Massachusetts by Internet and telephone ordering, and in face-to-face transactions on its premises, and to ship the wine to the customers' residences.

13. Plaintiff Stonington Vineyards has previously received requests from residents of the Commonwealth of Massachusetts to sell, deliver and ship wine to them.

14. Plaintiffs cannot complete the transactions described in paragraphs 11 -13, because the laws of the Commonwealth of Massachusetts prohibit them.

15. If Stonington Vineyards were permitted to sell and deliver its wine directly to consumers in the Commonwealth of Massachusetts, it would comply with all applicable laws and regulations concerning permits, licenses, labeling, reporting, proof of age, and payment of taxes.

16. The laws of the Commonwealth of Massachusetts treat interstate sales and delivery of wine to adults differently from intra-state sales and delivery of wine to adults, discriminate against out-of-state wineries, and provide economic advantages and protection to in-state wineries, all in violation of the Commerce Clause of the United States Constitution.

## COUNT II

**COMMERCE CLAUSE VIOLATION: DISCRIMINATION AGAINST OUT-OF-STATE WINERIES WITH RESPECT TO SALES TO LICENSED RETAIL WINE SELLERS**

17. In the Commonwealth of Massachusetts, an in-state winery may sell, deliver and ship its wine directly to licensed retail wine sellers, for resale to consumers, without going through a separate wholesaler, if the winery obtains a farmer-winery license from the defendant.

18. The defendants will issue a farmer-winery license only to wineries located within the Commonwealth of Massachusetts and only to persons who are Massachusetts residents. The defendants will not issue a farmer-winery license to Stonington Vineyards or other wineries located out of state and owned by nonresidents.

19. Plaintiff Stonington Vineyards and other wineries located outside the Commonwealth of Massachusetts may not sell, deliver or ship their wine directly to

licensed retail wine sellers in the Commonwealth of Massachusetts, but may only sell their wine through a separate wholesaler.

20. Plaintiff Stonington Vineyards is located in the state of Connecticut, produces bottled wine for commercial sale, and wants to sell its wine directly to licensed retail wine sellers in the Commonwealth of Massachusetts, but is prohibited from doing so by the laws of the Commonwealth of Massachusetts.

21. If Stonington Vineyards were permitted to sell and deliver its wine directly to licensed retail wine sellers, it would comply with all applicable laws and regulations concerning permits, licenses, reporting, labeling, proof of age, and payment of taxes.

22. The laws of the Commonwealth of Massachusetts treat interstate sales and delivery of wine to licensed retail wine sellers differently from intra-state sales and delivery of wine to retail wine sellers, discriminate against out-of-state wineries, and provide economic advantages and protection to in-state wineries, all in violation of the Commerce Clause of the United States Constitution

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A. Judgment declaring Mass. Gen. Laws ch. 138 §§ 2, 18, and 19B unconstitutional to the extent that they prohibit out-of-state wineries from selling and delivering wine directly to consumers and licensed retail wine sellers in the Commonwealth of Massachusetts, as a violation of the Commerce Clause of the United States Constitution.

  B. Judgment declaring Mass. Gen. Laws ch. 138 §§ 2, 18, and unconstitutional to the extent that they impose a residency requirement on the issuance of farmer-winery licenses under which wineries may sell wine directly to consumers and licensed retail wine sellers in the Commonwealth of Massachusetts, as a violation of the Commerce Clause of the United States Constitution.

  C. An injunction prohibiting defendant from enforcing the residency requirement in Mass. Gen. Laws ch. 138, § 19B and requiring defendant to issue winery licenses without regard to residence.

  D. An injunction requiring the defendants to allow out-of-state wineries to sell and deliver wine directly to consumers and licensed retail wine sellers in Massachusetts.

  E. Plaintiffs do not request that the Commonwealth be enjoined from collecting any tax due on the sale of wine.

  F. An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

G. Such other relief as the Court deems appropriate to afford Plaintiffs full relief.

Respectfully submitted,

/s/ Maureen E. Curran
Maureen E. Curran
BBO# 558826
LAW OFFICE OF MAUREEN E. CURRAN
50 Congress St
Boston MA 02109
Tel: 617-227-4100
Fax: 617-227-4105
maureen@maureencurran.com

and

Robert D. Epstein (IN Attorney No. 6726-49)
EPSTEIN, COHEN, DONAHOE & MENDES
50 S. Meridian St. Suite 505
Indianapolis, IN   46204
Tel: 317-639-1326
Fax: 317-638-9891
Rdepstein@aol.com

and

James A. Tanford (IN Attorney No. 16982-53)
INDIANA UNIVERSITY SCHOOL OF LAW
211 South Indiana Avenue
Bloomington, IN   47405
Tel: 812-855-4846
Fax: 812-855-0555
tanford@indiana.edu