UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON VINEYARDS, INC., ROBERTA WOLMAN and NICK PAPAS,<br><br>      Plaintiffs,<br><br>      v.<br><br>EDDIE J. JENKINS, in his official capacity as Chairman of the Massachusetts Alcoholic Beverages Control Commission, et al.,<br><br>      Defendants. | CIVIL ACTION<br>NO. 05-CV-10982-JLT |

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

  The defendants Eddie J. Jenkins, in his official capacity as Chairman of the Massachusetts Alcoholic Beverages Control Commission, and Suzanne Iannella and Robert H. Cronin, as Associate Commissioners of the Massachusetts Alcoholic Beverages Control Commission, answer the allegations of the Amended Complaint as follows:

  The two unnumbered introductory paragraphs of the complaint merely characterize this action and so require no response.

  1.  The allegations contained in Paragraph 1 constitute conclusions of law or legal argument to which no response is required.

  2.  The allegations contained in Paragraph 2 constitute conclusions of law or legal argument to which no response is required.

  3.  The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

  4.  The defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 4.

5. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. The allegation contained in the first sentence of Paragraph 6 merely characterizes the complaint and so requires no response. The defendants admit the remaining allegations contained in Paragraph 6, but answering further, state that Paragraph 6 does not constitute a full description of the regulatory authority of the Massachusetts Alcoholic Beverages Control Commission (the Commission).

7. The allegations contained in Paragraph 7 constitute conclusions of law or legal argument to which no response is required.

8. The allegations contained in Paragraph 8 constitute conclusions of law or legal argument to which no response is required.

9. The allegations contained in Paragraph 9 constitute conclusions of law or legal argument to which no response is required.

10. The allegations contained in Paragraph 10 constitute conclusions of law or legal argument to which no response is required.

11. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. The allegations contained in Paragraph 14 constitute conclusions of law or legal

argument to which no response is required.

15. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. The allegations contained in Paragraph 16 constitute conclusions of law or legal argument to which no response is required.

17. The allegations contained in Paragraph 17 constitute conclusions of law or legal argument to which no response is required.

18. The allegations contained in Paragraph 18 constitute conclusions of law or legal argument to which no response is required.

19. The allegations contained in Paragraph 19 constitute conclusions of law or legal argument to which no response is required.

20. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. The allegations contained in Paragraph 22 constitute conclusions of law or legal argument to which no response is required.

WHEREFORE, defendants Eddie J. Jenkins, Suzanne Iannella and Robert H. Cronin request that this Court:

1. Enter judgment for defendants and award them their costs and disbursements in defending against this action; and

2. Order such other and further relief as this Court may determine to be just and proper.

By their attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ David Hadas
Thomas A. Barnico, BBO No. 030040
David Hadas, BBO No. 641294
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, ext. 2086
tom.barnico@ago.state.ma.us
david.hadas@ago.state.ma.us

Dated:  August 29, 2005