UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON VINEYARDS, INC., et al. ) | |
| ) | CIVIL ACTION |
| Plaintiffs, ) | |
| ) | No. 1:05-cv-10982-JLT |
| vs. ) | |
| ) | |
| EDDIE J. JENKINS, et al., ) | |
| ) | |
| Defendant ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE

Plaintiffs oppose intervention. This case is a declaratory judgment action against officials of the Commonwealth of Massachusetts raising a pure question of law -- whether certain statutes restricting interstate commerce in wine are constitutional in light of *Granholm v. Heald*, 125 S.Ct. 1885 (2005). A private party -- Wine and Spirits Wholesalers of Massachusetts -- has filed a motion to intervene as a defendant. A private trade association is not a proper party to defend a challenge to the constitutionality of a state law, and its involvement in the case at this time will only interfere with ongoing negotiations between plaintiffs and state officials over resolving the matter without extensive litigation. The only reason the wholesalers advance for intervention is their wish to file a brief in opposition to plaintiffs' motion for judgment on the pleadings, which they may do equally well as an *amicus curiae*.

## I. THE TRADE ASSOCIATION HAS NO RIGHT TO INTERVENE

Intervention as of right is foreclosed by *Mass. Food Ass'n v. Mass. Alcoholic Bev. Control Comm'n*, 197 F.3d 560, 566-67 (1st Cir. 1999). In that case, the First Circuit held that a similar trade association representing alcoholic beverage wholesalers was not entitled to intervene as of right in an action challenging the validity of state liquor laws. Intervention under FED. R. CIV. P 24(a) is proper only when the applicant's interests will not be adequately represented by the existing parties. When the party is a governmental agency, there is a presumption of adequate representation and intervention is disfavored. A proposed intervenor must make a strong affirmative showing that the agency is not adequately representing its interests. *Accord Ruthardt v. United States*, 303 F.3d 375, 386 (1st Cir. 2002), *Pub. Serv. Co. v. Patch*, 136 F.3d 197, 207 (1st Cir. 1998). *See also Nebraska v. Wyoming*, 515 U.S. 1, 21-22 (1995) ("A state is presumed to speak in the best interests of [its] citizens, and requests to intervene by individual[s] may be treated under the general rule that an individual's motion for leave to intervene ... will be denied absent a 'showing [of] some compelling interest in his own right ... which interest is not properly represented by the state.'"). In this case, the wholesalers have not articulated any reason why the Commonwealth's defense of the constitutionality of its own statute will be inadequate. (Wholesalers' Memorandum at 9-11).

## II. THE TRADE ASSOCIATION DOES NOT MEET THE REQUIREMENTS FOR PERMISSIVE INTERVENTION

Alternatively, the trade association seeks permissive intervention under FED. R. CIV. P. 24(b). Although permissive intervention is largely a matter of judicial discretion, that discretion is bounded by two rules:

1. The applicant must show an independent ground for jurisdiction. *Internat'l Paper Co. v. Inhabitants of Town of Jay, Me.,* 887 F.2d 338, 346 (1st Cir. 1989). *See also Harris v. Amoco Prod. Co.,* 768 F.2d 669, 675 (5th Cir. 1985) (rule well established).

2. The intervention must not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

In this case, the trade association's application fails both conditions.

### A. APPLICANTS HAVE SHOWN NO JURISDICTIONAL BASIS FOR INTERVENTION

Permissive intervention requires that there be a separate and distinct ground for jurisdiction. *Internat'l Paper Co. v. Inhabitants of Town of Jay, Me.,* 887 F.2d 338, 346 (1st Cir. 1989). The trade association has failed to make this showing. The main case is a suit for a declaratory judgment and injunction brought solely under 42 U.S.C. §1983, which gives the court jurisdiction only against state officials acting under color of state law. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citing *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)). The trade association is a private party not subject to suit under Section 1983, so the court lacks jurisdiction under that section to hear the proposed case against the wholesalers. The Wholesalers have not shown or alleged any other statute or rule that would give a federal court jurisdiction to hear a case against it.

### B. INTERVENTION WILL CAUSE DELAY AND PREJUDICE

In this case, intervention would cause undue delay and prejudice to the adjudication of the main action. The court may properly consider whether intervention will complicate a case, interrupt negotiations, and cause delay, in deciding to refuse permission. *Daggett v. Comm'n on Governmental Ethics & Elec. Prac.*, 172 F.3d 104, 113 (1st Cir. 1999). *See also Sokaogon*

3

*Chippewa Comm. v. Babbitt*, 214 F.3d 941, 950 (7th Cir. 2000) (potential interference with settlement negotiations constitutes "prejudice" that justifies denying permissive intervention). Negotiations are currently underway between plaintiffs and defendant state officials and both sides are working in good faith to resolve the question of the continued constitutionality of Massachusetts laws prohibiting direct interstate wine sales after *Granholm v. Heald* held similar laws in New York and Michigan unconstitutional. 125 S.Ct. 1885 (2005). The presence of a third party can only make settlement more complicated and protract the litigation.

### III.  CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Motion to Intervene be denied.

Respectfully submitted,

**/s/  James A. Tanford**
James A. Tanford (Indiana Bar No. 16982-53)
INDIANA UNIVERSITY SCHOOL OF LAW
211 South Indiana Avenue
Bloomington, IN   47405
Tel:  812-855-4846
Fax:  812-855-0555
tanford@indiana.edu

Robert D. Epstein (Indiana Bar No. 6726-49)
EPSTEIN COHEN DONAHOE & MENDES
50 S. Meridian St., Suite 505
Indianapolis IN  46204
Tel: (317) 639-1326
Fax: (317) 638-9891
Rdepstein@aol.com

Maureen E. Curran (BBO# 558826)
LAW OFFICE OF MAUREEN E. CURRAN
50 Congress St
Boston MA 02109

Tel: 617-227-4100
maureen@maureencurran.com

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was filed electronically on the 30th day of August, 2005. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's PACER system.

Thomas A. Barnico
David Hadas
Assistant Attorneys General
One Ashburton Pl., Room 2019
Boston MA  02108
*Attorneys for Defendants Jenkins et al*

Evan T. Lawson
Kathryn E. Pieczarka
LAWSON & WEITZEN
88 Black Falcon Av, Suite 345
Boston MA 02210
*Attorneys for Proposed Intervening Defendant*

/s/  **James A. Tanford**
James A. Tanford (Attorney No. 16982-53)
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN   47405
Tel:  812-855-4846
Fax:  812-855-0555
tanford@indiana.edu