UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON VINEYARDS, INC., ROBERTA WOLMAN and NICK PAPAS,<br><br>    Plaintiffs,<br><br>v.<br><br>EDDIE J. JENKINS, in his official capacity as Chairman of the Massachusetts Alcoholic Beverages Control Commission, et al.<br><br>    Defendants. | CIVIL ACTION<br>NO. 05-CV-10982-JLT |

## AFFIDAVIT OF WILLIAM A. KELLEY, JR.

I, William A. Kelley, Jr., on oath depose and state as follows:

1.  I am the General Counsel of the Massachusetts Alcoholic Beverages Control Commission ("ABCC").

2.  I submit this affidavit in support of the State Defendants' Motion for Stay of Judicial Proceedings Pending State Legislative Action or, in the Alternative, Request For Enlargement of Time to Respond to Plaintiffs' Motion for Judgment on the Pleadings.

3.  As part of my duties as General Counsel of ABCC, I monitor proposed legislation concerning the regulation of alcoholic beverages in Massachusetts. I also frequently provide comments and analysis on behalf of ABCC to members of the Massachusetts Legislature and other elected officials concerning such proposed legislation.

4.On June 16, 2005, I attended a hearing before the Massachusetts Legislature's Joint Committee on Consumer Protection and Professional Licensure ("Joint Committee") that was convened for the purpose of receiving testimony concerning various bills proposing changes to the Liquor Control Act, G.L. c. 138, § 1 et seq., and affecting regulation of the wine industry.  Among those who testified at the hearing were representatives of the out-of-state wine industry, Massachusetts-based farm-wineries, and wine wholesalers.

5.During the course of the June 16 hearing, Representative Tom Sannicandro was appointed to chair a sub-committee to study the issue and develop a consensus regarding the language of potential legislation.

6.At least seven bills that would amend various sections of the Liquor Control Act are presently being reviewed by the Joint Committee.  See Exhibit A.

Signed under the pains and penalties of perjury this 2nd day of September, 2005.

/s/ William A. Kelley, Jr.
William A. Kelley, Jr.

> By Mr. O'Leary, a petition (accompanied by bill, Senate, No. 163) of Robert A. O'Leary, Susan W. Pope, Scott P. Brown, Richard T. Moore and other members of the General Court for legislation relative to the shipment of wine. Community Development and Small Business

# The Commonwealth of Massachusetts

In the Year Two Thousand and Five.

AN ACT RELATIVE TO THE SHIPMENT OF WINE

*Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:*

SECTION 1.

Chapter 138 of the General Laws in hereby amended by adding thereto the following section:-

Section 19E. Direct Shipment of Wine (1) Notwithstanding any law, rule or regulation to the contrary, any person currently licensed in any other state as wine producer, supplier, importer, wholesaler, distributor or retailer who obtains an out-of-state shipper's license, as provided below, may ship up to two cases (twenty-four bottles) per month of wine directly to a resident who is at least 21 years of age for such resident's personal use and not for resale.

(2) Before sending any shipment to a resident of Massachusetts the out-of-state shipper must first:

(a) File an application with the Commission;

(b) Pay a one hundred dollar ($100) registration fee;

(c) Provide to the Commission a true copy of its current alcoholic beverage license issued in another state, and

(d) Obtain from the Commission an out-of-state shipper's license.

(3) All out-of-state shipper licensees shall:

(a) Not ship more than two cases (twenty-four bottles) per month to any person;

(b) Ensure that all containers of wine shipped directly to a resident in this state are conspicuously labeled with the words "CONTAINS ALCOHOL: ADULT SIGNATURE (OVER 21) REQUIRED."

(c) Report to the Commission annually the total of alcoholic beverages, by type, shipped into the state the preceding calendar year.

(d) Annually pay to the Department of Revenue all taxes due, the amount of such taxes to be calculated as if the sale were at the location where delivery is made.

(e) Permit the Commission or the Department of Revenue to perform an audit of the out-of-state shipper's records upon request.

(f) Be deemed to have consented to the jurisdiction of the Commission or any other state agency and the courts concerning enforcement of this section and any related laws, rules or regulations.

(4) The out-of-state shipper may annually renew its license with the Commission by paying a one-hundred dollar ($100) renewal fee and providing the department a true copy of its current alcoholic beverage license issued in another state.

(5) The Commission and the Department of Revenue may promulgate rules and regulations to effectuate the purposes of this law.

(6) The Commission may enforce the requirements of this section by administrative proceedings to suspend or revoke an out-of-state shipper's license, and the department may accept payment of a fine or an offer in compromise in lieu of suspension, such payments to be determined by rules promulgated by the department.

(7) Shipments of wine from out-of-state direct to consumers from persons who do not possess a current out-of-state shipper's license or other permit or license from the Commission are prohibited. Any person who knowingly makes, participates in, transports, imports or receives such a shipment from out-of-state commits a deceptive trade practice as defined in chapter 93A.

SECTION 2. This Act shall take effect upon passage.

# SENATE, No. 209

By Mr. Moore, a petition (accompanied by bill, Senate, No. 209) of Richard T. Moore, William Smitty Pignatelli, Susan W. Pope, Edward G. Connolly and other members of the General Court for legislation relative to farm-wineries. Consumer Protection and Professional Licensure

## The Commonwealth of Massachusetts



In the Year Two Thousand and Five.

## AN ACT TO RELATIVE TO FARM-WINERIES

*Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:*

SECTION 1.

Notwithstanding the provisions of any general or special law to the contrary, a person holding a farmer-winery license under the provisions of sections nineteen B of chapter one hundred and thirty-eight of the General Laws may receive orders for the sale and delivery of wine within and outside of the commonwealth and may ship wines to the purchaser.

# PETITION-HOUSE

**CHIEF SPONSOR:**

Representative Dempsey of Haverhill

*By Request of Norman Landry*

*To the Honorable Senate and House of Representatives of the Commonwealth of Massachusetts in General Court assembled.*

The undersigned legislators and/or citizens respectfully petition for the passage of the accompanying bill or resolve.

| PETITIONERS: LEGISLATOR/CITIZEN | DISTRICT/FULL MAILING ADDRESS |
|---|---|
| Norman J. Landry | 9 Fox Run Drive<br>Haverhill, MA  01832 |

REFILE OF PREVIOUS MATTER: BILL #:     OF YEAR:



# The Commonwealth of Massachusetts

IN THE YEAR TWO THOUSAND FIVE

# AN ACT PERMITTING THE IMPORTING OF ALCOHOLIC BEVERAGES BY RESIDENTS.

*Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:*

Section 18 of chapter 138 of the General Laws, as appearing in the 2002 Official Edition, is hereby amended by striking out the 5th paragraph and inserting in place thereof the following paragraph:–

Nothing in this section shall prohibit the shipment of such beverages directly to residents of the commonwealth with suitable provisions to control the traffic and preserve public peace and order.

COMMONWEALTH OF MASSACHUSETTS, 2005

AUTHOR: MARZILLI

HB3386

AN ACT RELATING TO INTERSTATE SHIPMENT OF WINE.

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

SECTION 1. Chapter 138 of the General Laws is hereby amended by adding after section 18B the following section:

18C. Direct Shipment of Wine:

(1) Notwithstanding any law, rule or regulation to the contrary, any person currently licensed in any other state as a wine producer, supplier, importer, wholesaler, distributor or retailer who obtains an out-of-state shipper's license, as provided below, may ship up to two cases (twenty-four bottles) per month of wine directly to a resident who is at least 21 years of age for such resident's personal use and not for resale.

(2) Before sending any shipment to a resident the out-of-state shipper must first:

a. File an application with the Commission;

b. Pay a $100 registration fee;

c. Provide to the Commission a copy of its current out of state shipper's license.

(3) A shipper licensed under this section shall:

a. Not ship more than two cases (twenty-four bottles) per month to any person;

b. Ensure that all containers of wine shipped directly to a resident in this state are conspicuously labeled with the words "CONTAINS ALCOHOL: ADULT SIGNATURE (OVER 21) AND PROOF OF IDENTIFICATION REQUIRED;"

c. Report to the Commission annually the total amount of wine shipped within the terms of this section during the preceding calendar year;

d. Annually pay to the Department of Revenue all taxes due, in determining the amount of tax due, the place of delivery shall be deemed the point of sale;

e. Permit the Commission or the Department of Revenue to perform an audit of the shipper's records upon request;

  f. Be deemed to have consented to the jurisdiction of the Commission or any other state agency and the courts concerning enforcement of this section and any related laws, rules or regulations.

  (4) A shipper licensed under this section may annually renew its license with the Commission by paying a $100 renewal fee and providing the Commission with a copy of the shipper's current alcoholic beverage license issued in another state.

  (5) The Commission and the Department of Revenue may promulgate rules and regulations to effectuate the purposes of this action.

  (6) The Commission may enforce the requirements of this section by administrative proceedings to suspend or revoke a shipper's license.

  (7) Direct shipments of wine from out of state by persons who are not licensed under this section, or any other section permitting such shipments, are prohibited. Any person who knowingly makes, participates in, transports, imports or receives such a shipment from another state commits a deceptive trade practice as defined in chapter 93K.

  SECTION 2. Section 18 of chapter 138 of the General Laws, as appearing in the 2002 Official Edition, is hereby amended by striking out the sixth paragraph.

COMMONWEALTH OF MASSACHUSETTS, 2005

AUTHOR: MARIANO

HB3399


AN ACT RELATING TO DIRECT SHIPMENT OF WINE.


Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:


SECTION 1. Chapter 138 of the General Laws is hereby amended by adding thereto the following section:-

Section 19E. Direct Shipment of Wine (1) Notwithstanding any law, rule or regulation to the contrary, any person currently licensed in any other state as a wine producer, supplier, importer, wholesaler, distributor or retailer who obtains an out-of-state shipper's license, as provided below, may ship up to two cases (twenty-four bottles) per month of wine directly to a resident who is at least 21 years of age for such resident's personal use and not for resale.

(2) Before sending any shipment to a resident the out-of-state shipper must first:

(a) File an application with the Commission;

(b) Pay a one hundred dollar ($100) registration fee;

(c) Provide to the Commission a true copy of its current alcoholic beverage license issued in another state; and

(d) Obtain from the Commission an out-of-state shipper's license.

(3) All out-of-state shipper licensees shall:

(a) Not ship more than two cases (twenty-four bottles) per month to any person;

(b) Ensure that all containers of wine shipped directly to a resident in this state are conspicuously labeled with the words "CONTAINS ALCOHOL: ADULT SIGNATURE (OVER 21) REQUIRED."

(c) Report to the Commission annually the total of wine shipped into the state the preceding calendar year.

(d) Annually pay to the Department of Revenue all taxes due, the amount of such taxes to be calculated as if the sale were at the location where delivery is made.

(e) Permit the Commission or the Department of Revenue to perform an audit of the out-of-state shipper's records upon request.

(f) Be deemed to have consented to the jurisdiction of the Commission or any other state agency and courts concerning enforcement of this section and any related laws, rules or regulations.

(4) The out-of-state shipper may annually renew its license with the Commission by paying a one hundred dollar ($100) renewal fee and providing the department a true copy of its current alcoholic beverage license issued in another state.

(5) The Commission and the Department of Revenue may promulgate rules and regulations to effectuate the purposes of this action.

(6) The Commission may enforce the requirements of this section by administrative proceedings to suspend or revoke an out-of-state shipper's license, and the department may accept payment of a fine or an offer in compromise in lieu of suspension, such payments to be determined by rules promulgated by the department.

(7) Shipments of wine from out-of-state direct to consumers from persons who do not possess a current out-of-state shipper's license or other permit or license from the Commission are prohibited. Any person who knowingly makes, participates in, transports, imports or receives such a shipment from out-of-state commits a deceptive trade practice as defined in chapter 93A.

SECTION 2. This Act shall take effect upon passage.

# PETITION -- HOUSE

**CHIEF SPONSOR:**

Representative GARRY of DRACUT

*To the Honorable Senate and House of Representatives of the Commonwealth of Massachusetts in General Court assembled.*

The undersigned legislators and/or citizens respectfully petition for the passage of the accompanying bill or resolve.

| PETITIONERS: LEGISLATOR/CITIZEN | DISTRICT/FULL MAILING ADDRESS |
|---|---|
| Colleen M. Garry | 36th Middlesex |

REFILE OF PREVIOUS MATTER: BILL #:2427 OF YEAR:2003



# The Commonwealth of Massachusetts

IN THE YEAR TWO THOUSAND FIVE

# AN ACT RELATIVE TO THE DIRECT SALE OF ALCOHOLIC BEVERAGES.

*Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:*

SECTION 1. Section 15 of Chapter 138 of the General Laws is amended by inserting after Section 152 the following new section:—
"Section 15F. Any person or corporation in the business of manufacturing or selling alcoholic beverages in another state or country who ships or causes to be shipped any alcoholic beverages directly to a resident of the Commonwealth not in accordance with the provisions of this Chapter shall be fined an amount not to exceed ten thousand dollars or by imprisonment for not more than one year or both".

SECTION 2. Section 22 of Chapter 138 of the General Laws is amended in the eighth paragraph by adding after the phrase "or both", the following: —
"Whoever knowingly delivers alcoholic beverages that have not been distributed or manufactured by a holder of a license granted under sections 18, 19A, 19B, 19C, 19D, shall be fined an amount not to exceed ten thousand dollars or by imprisonment for not more than one year or both."

COMMONWEALTH OF MASSACHUSETTS, 2005

AUTHOR: CABRAL

HB3407

AN ACT RELATIVE TO WINERIES.

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

Chapter 138 of the General Laws, as appearing in the 2002 Official Edition, is hereby amended by adding the following:

Section n. Notwithstanding any other provision of law, a winegrower in a state which affords Massachusetts winegrowers an equal reciprocal shipping privilege, may ship, for personal use and not for resale, not more than two cases of wine (no more than nine liters each case) per month to any adult resident in this state. Delivery of a shipment pursuant to this subdivision shall not be deemed to constitute a sale in this state. The shipping container of any wine sent into or out of this state under this section shall be clearly labeled to indicate that the package cannot be delivered to a minor or to an intoxicated person.

COMMONWEALTH OF MASSACHUSETTS, 2005

AUTHOR: POPE

HB3414

AN ACT RELATIVE TO THE SHIPMENT OF WINE.

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

SECTION 1. Chapter 138 of the General Laws in hereby amended by adding thereto the following section:–

Section 19E. Direct Shipment of Wine (1) Notwithstanding any law, rule or regulation to the contrary, any person currently licensed in any other state as wine producer, supplier, importer, wholesaler, distributor or retailer who obtains an out-of-state shipper's license, as provided below, may ship up to two cases (twenty-four bottles) per month of wine directly to a resident who is at least 21 years of age for such resident's personal use and not for resale.

(2) Before sending any shipment to a resident of Massachusetts the out-of-state shipper must first:

(a) File an application with the Commission;

(b) Pay a one hundred dollar ($100) registration fee;

(c) Provide to the Commission a true copy of its current alcoholic beverage license issued in another state, and

(d) Obtain from the Commission an out-of-state shipper's license. (3) All out-of-state shipper licensees shall:

(a) Not ship more than two cases (twenty-four bottles) per month to any person;

(b) Ensure that all containers of wine shipped directly to a resident in this state are conspicuously labeled with the words "CONTAINS ALCOHOL: ADULT SIGNATURE(OVER 21) REQUIRED."

(c) Report to the Commission annually the total of alcoholic beverages, by type, shipped into the state the preceding calendar year.

(d) Annually pay to the Department of Revenue all taxes due, the amount of such taxes to be calculated as if the sale were at the location where delivery is made.

(e) Permit the Commission or the Department of Revenue to perform an audit of the out-of-state shipper's records upon request.

(f) Be deemed to have consented to the jurisdiction of the Commission or any other state agency and the courts concerning enforcement of this section and any related laws, rules or regulations.

(4) The out-of-state shipper may annually renew its license with the Commission by paying a one-hundred dollar ($100) renewal fee and providing the department a true copy of its current alcoholic beverage license issued in another state.

(5) The Commission and the Department of Revenue may promulgate rules and regulations to effectuate the purposes of this law.

(6) The Commission may enforce the requirements of this section by administrative proceedings to suspend or revoke an out-of-state shipper's license, and the department may accept payment of a fine or an offer in compromise in lieu of suspension, such payments to be determined by rules promulgated by the department.

(7) Shipments of wine from out-of-state direct to consumers from persons who do not possess a current out-of-state shipper's license or other permit or license from the Commission are prohibited. Any person who knowingly makes, participates in, transports, imports or receives such a shipment from out-of-state commits a deceptive trade practice as defined in chapter 93A. SECTION 2. This Act shall take effect upon passage.