UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON VINEYARDS, INC., et al. ) | |
| ) | CIVIL ACTION |
| Plaintiffs, ) | |
| ) | No. 1:05-cv-10982-JLT |
| vs. ) | |
| ) | |
| EDDIE J. JENKINS, et al., ) | |
| ) | |
| Defendant ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO STATE DEFENDANTS' MOTION FOR A STAY
OR EXTENSION OF TIME**

**1. INTRODUCTION**

   The Plaintiffs oppose the state defendants' motion for a stay of judicial proceedings pending state legislative action, because it is purely speculative whether the legislature will act, and if so, whether it will resolve the issue.

   The Plaintiffs also oppose the state defendants' alternative request for a second extension of time to respond to plaintiffs' motion for judgment on the pleadings. Plaintiffs already assented to one extension to September 2, 2005, a date which already has passed, and there are no unusual circumstances that would justify a second extension.

**2. A STAY IS NOT WARRANTED WHEN THE REASONS ARE SPECULATIVE**

   Defendants have moved for a stay of these proceedings upon the speculative ground that the Massachusetts legislature might in the future amend the alcoholic beverage laws being challenged as unconstitutional. Although the granting of a stay is a matter for the District

1

Court's discretion, *e.g., Microfinancial, Inc. v. Premier Holidays Int'l*, 385 F.3d 72, 77 (1st Cir. 2004), no precedent exists for granting one under these circumstances. Whether the legislature will or will not amend the law, and if so, whether such amendment will or will not remove the discrimination being challenged, is a matter of pure speculation.

A stay of the proceedings is a form of abstention that denies plaintiffs access to a federal forum and is therefore warranted only for the "clearest of justifications, " *Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc.*, 751 F.2d 475, (1st Cir. 1985), such as when there is a related state court proceeding already underway, *Burns v. Watler*, 931 F.2d 140, (1st Cir. 1991); *Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc., supra; Microfinancial, Inc. v. Premier Holidays Intern., Inc., supra;* or a parallel administrative proceeding that might resolve the matter. *Fontan-de-Maldonado v. Lineas Aereas Costarricenses, S.A.*, 936 F.2d 630, (1st Cir. 1991).

The Supreme Court has said that the District Court may postpone the exercise of its jurisdiction only in "extraordinary and narrow" circumstances because it has a "duty ... to adjudicate a controversy properly before it." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 813 (1979). Abstaining from the exercise of jurisdiction is not justified merely because the matter could be resolved by state action. *Id.* at 813-14. If abstention were appropriate whenever a state legislature might change the law, no state statute could ever be challenged, because the legislature could always conceivably change the law. The mere fact that state action might enable a federal court to avoid decision of a constitutional question does not alone justify abstention. Indeed, the presence of a federal basis for jurisdiction raises the level of justification needed for abstention. *Id. at* 815, n.21. Postponing federal jurisdiction is not appropriate where the state law on the books is clear and settled, as it is in this case. *Id.* at 815.

On the narrow issue of whether a stay is appropriate to give the legislature time to enact ameliorative legislation, the lower federal courts are unanimous. A stay is not appropriate, because it is impossible to predict whether the legislature will act, and if so, whether it will resolve the issue. *Johnson v. Mortham*, 915 F.Supp. 1529 (N.D.Fla.,1995); *Utah Women's Clinic, Inc. v. Graham*, 892 F.Supp. 1379, (D.Utah,1995); *Gabarczyk v. Board of Educ. of City School Dist. of Poughkeepsie*, 738 F.Supp. 118 (S.D.N.Y.,1990).

### 3. THE STATE HAS SHOWN NO GOOD CAUSE FOR AN ADDITION EXTENSION OF TIME

In the alternative, the Defendants ask for additional time to respond to Plaintiffs' motion for judgment on the pleadings, which response was supposed to have been filed on September 2, 2005. This amounts to the same thing as the request for a stay, because it postpones the resolution of the matter. Plaintiffs motion for judgment on the pleadings was filed August 5, 2005. Defendants have already been given one extension of time and had a month to research the two issues mentioned in its brief and prepare a response. Continuances to give a party more time to complete a non-complex task for which he had enough time are not favored. *Amarin Plastics, Inc v. Maryland Cup Corp.*, 946 F.2d 147, 151 (1st Cir. 1991). The defendants state no unusual circumstances or good cause that would justify such an extension. Although the court has discretion to grant extensions of time, multiple requests and long delays are not favored, because "justice delayed is justice denied." *United States v. Hastings*, 847 F.2d 920, 923 (1st Cir. 1988).

### 4. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the state defendants' motion for a stay or, in the alternative, an extension of time to respond to plaintiffs' motion for judgment on the pleadings, be denied.

Respectfully submitted,

**/s/  James A. Tanford**
James A. Tanford (Indiana Bar No. 16982-53)
INDIANA UNIVERSITY SCHOOL OF LAW
211 South Indiana Avenue
Bloomington, IN   47405
Tel:  812-855-4846
Fax:  812-855-0555
tanford@indiana.edu

Robert D. Epstein (Indiana Bar No. 6726-49)
EPSTEIN COHEN DONAHOE & MENDES
50 S. Meridian St., Suite 505
Indianapolis IN  46204
Tel: (317) 639-1326
Fax: (317) 638-9891
Rdepstein@aol.com

Maureen E. Curran (BBO# 558826)
LAW OFFICE OF MAUREEN E. CURRAN
50 Congress St
Boston MA 02109
Tel:  617-227-4100
maureen@maureencurran.com

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was filed electronically on the 8th day of September, 2005.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's PACER system.

Thomas A. Barnico<br>
David Hadas<br>
Assistant Attorneys General<br>
One Ashburton Pl., Room 2019<br>
Boston MA  02108<br>
*Attorneys for Defendants Jenkins et al*

Evan T. Lawson<br>
Kathryn E. Pieczarka<br>
LAWSON & WEITZEN<br>
88 Black Falcon Av, Suite 345<br>
Boston MA 02210<br>
*Attorneys for Proposed Intervening Defendant*

        **/s/  James A. Tanford**
        James A. Tanford (Attorney No. 16982-53)
        Indiana University School of Law
        211 South Indiana Avenue
        Bloomington, IN   47405
        Tel:  812-855-4846
        Fax:  812-855-0555
        tanford@indiana.edu