UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON VINEYARDS, INC., et al. ) | |
| ) | CIVIL ACTION |
| Plaintiffs, ) | |
| ) | No. 1:05-cv-10982-JLT |
| vs. ) | |
| ) | |
| EDDIE J. JENKINS, et al., ) | |
| ) | |
| Defendants ) | |

**JOINT STATEMENT OF THE PARTIES**

Pursuant to Local Rule 16.1, the parties have conferred and jointly submit this statement concerning scheduling, case management, and pending motions.

1. SUMMARY

At issue in this case is the constitutionality of several Massachusetts statutes that prohibit out-of-state wineries from selling and shipping wine through interstate commerce directly to Massachusetts residents. The Supreme Court recently ruled that certain state statutes concerning the sale and shipment of wine in Michigan and New York were unconstitutional. The parties believe this case presents pure questions of law: 1) Whether the Massachusetts statutes being challenged are now unconstitutional under the authority of *Granholm v. Heald*, 125 S.Ct. 1885 (2005); and 2) If the statutes are held unconstitutional to such extent, whether they should be severed so as to eliminate the current authority for the direct sale and shipping of wine by farm wineries or so as to eliminate the current prohibition on direct sale and shipping by out-of-state wineries. These questions can be decided on dispositive motions, and will probably not go to trial. Little or no discovery will be needed. Because the case presents questions of the

1

constitutionality of a state statute, settlement is unlikely because the defendant and the attorney general may lack the authority to stipulate to a judgment regarding the unconstitutionality of a legislative enactment. There are several bills pending in the Massachusetts legislature that could repeal or amend some or all of the statutes being challenged in this case.

2. AGENDA FOR OCTOBER 4 CONFERENCE

  a. Discovery schedule, including whether any limited discovery is needed before hearing and deciding dispositive motions.

  b. Deadlines for adding parties and amending pleadings

  c. Schedule for filings and hearings on motions

  d. Whether ADR is appropriate

  e. Whether to refer dispositive motions to magistrate judge.

  f. Possibility of settlement

3. PROPOSED PRETRIAL SCHEDULE

  a. Discovery shall be deferred at least until after the court has ruled on plaintiff's motion for judgment on the pleadings, as it will be unnecessary unless the court denies the motion and determines that there is a triable issue of fact.

  b. No pretrial disclosures are needed.

  c. If plaintiffs' motion for judgment on the pleadings is denied, and no judgment is entered for defendants, the following schedule will take effect: 1) Discovery will be limited to the issues of fact raised by the court in its denial of the motion for judgment on the pleadings and any issues of jurisdiction and standing, and the parties will abide by the standard limitations in the Federal Rules of Civil Procedure. 2) All discovery requests must be submitted within 45 days after the court's decision. 3) All responses must be submitted within 30 days following a

request or the time otherwise provided by the federal and local rules.  4)  No depositions are anticipated.  5)  No expert witnesses are anticipated.  6)  The deadline for amendments to the pleadings and addition of parties shall be 25 days after the court's decision.  7)  The deadline for filing motions for summary judgment shall be 120 days after the court's decision.  8)  These deadlines may be extended by agreement of the parties.

    c.  No trial date is required.

    d.  No further pretrial conferences are required.

4. TRIAL BY MAGISTRATE JUDGE

The parties do not believe that a trial will be necessary.  Because this case questions the constitutionality of state statutes, the parties believe that the matter should be heard by a United States District Judge and not a magistrate judge.

5. ALTERNATIVE DISPUTE RESOLUTION

Because the case presents a question of the constitutionality of a state statute and the defendant and the Massachusetts attorney general may lack the authority to stipulate to a judgment of the unconstitutionality of a legislative enactment, the parties do not believe that this matter is appropriate for referral to Alternative Dispute Resolution.

6. PROPOSED DEPONENTS

None

7. PENDING MOTIONS

a)  Defendants' motion to certify question of state law to the Massachusetts Supreme Judicial Court, to be filed September 28, 2005.

b)  Plaintiffs' pending motion for judgment on the pleadings.

8. CERTIFICATION OF CONFERRAL WITH CLIENTS

Both parties have conferred with their clients concerning the cost of litigation and the advisability of alternative methods of dispute resolution, with a view to establishing a reasonable budget that will limit unnecessary costs and delays.

This the 27th day of September, 2005.                    Respectfully submitted:

*For the plaintiffs:*                                                        *For the defendants:*

**/s/  James A. Tanford**                                          **/s/ Thomas A. Barnico**
James A. Tanford (Bar No. 16982-53)              Thomas A. Barnico
INDIANA UNIV. SCHOOL OF LAW                  Assistant Attorney General
211 South Indiana Avenue                                 One Ashburton Place, Rm 2019
Bloomington, IN   47405                                   Boston MA  02108
Tel:  812-855-4846                                              Tel. 617-727-2200 ext 3380
Fax:  812-855-0555                                             Fax 617-727-3076
tanford@indiana.edu                                           tom.barnico@ago.state.ma.us

Robert D. Epstein (Bar No. 6726-49)              David Hadas
EPSTEIN COHEN DONAHOE & MENDES       Assistant Attorney General
50 S. Meridian St., Suite 505                              One Ashburton Place, Rm 2019
Indianapolis IN  46204                                       Boston MA  02108
Tel: (317) 639-1326                                             Tel. 617-727-2200 ext 2085
Fax: (317) 638-9891                                            Fax 617-727-5785
Rdepstein@aol.com                                            david.hadas@ago.state.ma.us

Maureen E. Curran (BBO# 558826)
LAW OFFICE OF MAUREEN E. CURRAN
50 Congress St
Boston MA 02109
Tel:  617-227-4100
maureen@maureencurran.com