UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STONINGTON VINEYARDS, INC.,
ROBERTA WOLMAN and NICK PAPAS,

Plaintiffs,

v.

EDDIE J. JENKINS, in his official capacity as
Chairman of the Massachusetts Alcoholic
Beverages Control Commission, et al.

Defendants.

CIVIL ACTION
NO. 05-CV-10982-JLT

## AFFIDAVIT OF WILLIAM A. KELLEY, JR.

I, William A. Kelley, Jr., on oath depose and state as follows:

1. I am the General Counsel of the Massachusetts Alcoholic Beverages Control Commission ("ABCC").

2. I submit this affidavit in support of the State Defendants' Opposition To Plaintiffs' Motion For Judgment On The Pleadings And Motion To Certify Questions of Law.

3. The ABCC issues various licenses to sell alcoholic beverages, including licenses to wholesalers and farmer-wineries, and approves various licenses to retailers to sell alcoholic beverages pursuant to the Massachusetts Liquor Control Act, G.L. c. 138, § 1 et seq. The ABCC also collects and compiles information from licensees such as wholesalers, farmer-wineries, and both on-premise and off-premise retailers.

4. As of Friday, September 23, 2005, according to the records of the ABCC, there are 27 "farm winery" licenses issued by the ABCC under G.L. c. 138, § 19B that

permit the holders to sell wine "at retail by the bottle to consumers for consumption off the winery premises." These 27 "farm winery" licenses also permit the holders to sell wine "at wholesale in kegs, casks, barrels or bottles to any person holding a license to sell under section twelve, thirteen or fourteen, and, for the sole purpose of resale in containers in which the wine was delivered, to any person holding a license to sell under section fifteen; provided that the total annual sales to section twelve, thirteen, fourteen, and fifteen licenses shall not exceed fifty thousand gallons."

5. As of Wednesday, September 28, 2005, according to the records of the ABCC, there are 1,801 out-of-state suppliers of wine, distilled spirits, and malt beverages that are licensed by the ABCC under G.L. c. 138, § 18B to sell such alcoholic beverages into the Massachusetts market through licensed wholesalers. Calendar year 2004 is the most recent complete calendar year where data is available on the gallonage of wine reported for the purpose of paying excise tax under G.L. c. 138, § 21. I have reviewed reports from the Department of Revenue in the possession of the ABCC that detail the total gallons of wine reported for the purpose of paying excise tax under G.L. c. 138, § 2 as well as the gallonage reported by each licensee.

6. For the 7 months of January, February, March, June, July, November, and December 2004 that were reviewed, 14,107,579 gallons of wine were reported to be either produced in Massachusetts or imported into Massachusetts for the purpose of paying excise tax under G.L. c. 138, § 21.

7. For the 7 months of January, February, March, June, July, November, an December 2004 that were reviewed, Massachusetts wholesalers reported importing fron out-of-state 14,070,046 gallons of wine for sale within Massachusetts for the purpose o

paying excise tax under G.L. c. 138, § 21. This calculates to 99.73% of the gallonage of wine reported for the purpose of paying excise tax under G.L. c. 138, § 21.

8. For the 7 months of January, February, March, June, July, November, and December 2004 that were reviewed, Massachusetts "farm wineries" reported producing 37,532.96 gallons of wine for sale within Massachusetts for the purpose of paying excise tax under G.L. c. 138, § 21. This calculates to 0.27% of the gallonage of wine reported for the purpose of paying excise tax under G.L. c. 138, § 21.

Signed under the pains and penalties of perjury this 28th day of September, 2005.

/s/ William A. Kelley, Jr.
William A. Kelley, Jr.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of th    )ove
document was served upon the atto     ' of
record for each other party by mail(    and)
on _____
_____9/28/05_____