UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STONINGTON VINEYARDS, INC., et al. | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| | ) | No.  1:05-cv-10982-JLT |
| vs. | ) | |
| | ) | |
| EDDIE J. JENKINS, et al., | ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

Come now the Plaintiffs by counsel, and move this court pursuant to FED.R.CIV.P. 54(d) and 42 U.S.C. § 1988, for an order awarding them attorneys' fees as prevailing parties for the reasons and in the amounts as follows:

1.  Plaintiffs filed this action on May 12, 2005, under 42 U.S.C. §1983 against state officials for declaratory and injunctive relief, challenging the constitutionality of the Massachusetts statutory scheme that prohibited direct interstate sales and shipments of wine to Massachusetts residents.   The Complaint included a demand for attorney's fees pursuant to 42 U.S.C. §1988.

2.  On October 17, 2005, this court entered judgment in favor of Plaintiffs and against Defendants on an Order issued October 5, 2005.

3.  Plaintiffs are prevailing parties pursuant to 42 U.S.C. § 1988.

4.  Plaintiffs employed three attorneys in this case:  Robert D. Epstein, James A. Tanford, and Maureen E. Curran.

5.  Robert D. Epstein is co-lead counsel.  He has spent 42.50 hours in legal work on this case, for which Plaintiffs seek reasonable attorneys fees of $425 per hour, for a total of $18.062.50.  In connection with that legal work, he spent 4.0 hours in travel, for which Plaintiffs seek reasonable attorneys fees of $100 per hour, for a total of $400.00.  He also has incurred direct costs and expenses of $250.00.  Plaintiffs therefore request a total fee award for Mr. Epstein in the amount of $18,712.50.  He has submitted an affidavit and contemporaneous time records which are attached to this motion as Exhibit 1.

6.  James A. Tanford is co-lead counsel.  He has spent 31.25 hours in legal work on this case, for which Plaintiffs seek reasonable attorneys fees of $425 per hour, for a total of $13,281.25.  In connection with that legal work, he spent 3.25 hours in travel, for which Plaintiffs seek reasonable attorneys fees of $100 per hour, for a total of $325.00.  He has also incurred direct costs and expenses of $553.22.  Plaintiffs therefore request a total fee award for Mr. Tanford in the amount of $14,159.47.   He has submitted an affidavit and contemporaneous time records which are attached to this motion as Exhibit 2.

7.  Maureen E. Curran served as local counsel.  She spent 25.20 hours in legal work on this case, for which Plaintiffs seek reasonable attorney's fees of $300 per hour, for a total of $7560.00.   She has submitted an affidavit and contemporaneous time records which are attached to this motion as Exhibit 3.

8.  The fees requested are reasonable.  As established by the Affidavit of Maureen Curran, the prevailing local rate for federal court litigation by attorneys with twenty-five years' experience and special expertise in the subject matter being litigated averages $550-600 per hour for lead counsel, and $475-525 per hour for less experienced counsel.  Plaintiffs are requesting

less than the prevailing rate in this case because the litigation was promptly resolved and the

defendant did not contest one of the issues.

WHEREFORE, Plaintiffs request that this Court award them $40,431.97 in attorneys' fees

and expenses incurred as of this date, and for all other just and proper relief.

Respectfully submitted,

**/s/  James A. Tanford**
James A. Tanford (Indiana Bar No. 16982-53)
INDIANA UNIVERSITY SCHOOL OF LAW
211 South Indiana Avenue
Bloomington, IN    47405
Tel:  812-855-4846
Fax:  812-855-0555
tanford@indiana.edu

Robert D. Epstein (Indiana Bar No. 6726-49)
EPSTEIN COHEN DONAHOE & MENDES
50 S. Meridian St., Suite 505
Indianapolis IN  46204
Tel: (317) 639-1326
Fax: (317) 638-9891
Rdepstein@aol.com

Maureen E. Curran (BBO# 558826)
LAW OFFICE OF MAUREEN E. CURRAN
50 Congress St
Boston MA 02109
Tel:  617-227-4100
maureen@maureencurran.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing motion and the accompanying exhibits were filed electronically on the 16th day of November, 2005.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's PACER system.

Thomas A. Barnico
David Hadas
Assistant Attorneys General
One Ashburton Pl., Room 2019
Boston MA  02108
*Attorneys for Defendants Jenkins et al*


**/s/  James A. Tanford**
James A. Tanford (Attorney No. 16982-53)
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN    47405
Tel:  812-855-4846
Fax:  812-855-0555
tanford@indiana.edu

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STONINGTON VINEYARDS, INC., et al. | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| | ) | No.  1:05-cv-10982-JLT |
| vs. | ) | |
| | ) | |
| EDDIE J. JENKINS, et al., | ) | |
| | ) | |
| Defendant | ) | |

**ORDER AWARDING ATTORNEYS' FEES**

Plaintiffs having moved for attorneys' fees pursuant to 42 U.S.C. § 1988, and the Court having considered the motion and the exhibits filed in connection thereto, hereby finds:

1.  The Plaintiffs are prevailing parties.  Judgment has been entered in their favor for the relief requested in their complaint -- a declaration that Massachusetts' statutory scheme prohibiting out-of-state wineries from shipping directly to residents of the Commonwealth is unconstitutional, and an injunction against its enforcement.

2.  The number of hours reported by the Plaintiffs' attorneys are reasonable for the nature of the case.  The results obtained were excellent and were promptly and efficiently obtained. Because the lead attorneys have been engaged in similar litigation elsewhere, they were able to prepare their dispositive motion with relatively little new research, thereby saving substantial billing time.  Plaintiffs achieved all they requested in the complaint, overcame the strong presumption that state laws are constitutional, and opened up the Massachusetts market to products from 2500 out-of-state wineries who previously could not sell wine in the

1

Commonwealth. The hours spent are well documented and explained in 27 pages of affidavits and contemporaneous time records which describe in adequate detail the various tasks on which the attorneys worked.

3. The hourly rates requested by the Plaintiffs' attorneys are $425 for lead counsel and $300 an hour for local counsel. These rates are reasonable and are consistent with prevailing fees charged by experienced attorneys in federal civil rights litigation in the Boston area, as proved by the plaintiffs' evidence and confirmed by the court's own familiarity with prevailing lodestar rates.

It is therefore ORDERED that the Defendants shall within thirty days pay to Plaintiffs the sum of $40,431.97 in attorneys fees and costs, comprised of:

       For Robert D. Epstein, the sum of $18,712.50.

       For James A. Tanford, the sum of $14,159.47.

       For Maureen E. Curran, the sum of $7560.00.

together with interest thereon accruing from the date upon which payment is due under this or subsequent orders.

This _____ day of _____, 2005.

                              _____
                              Hon. Joseph L. Tauro
                              United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON)


STONINGTON VINEYARDS, INC.

     Plaintiff,

v.                                          Case No. 1:05-cv-10982-JLY

EDDIE JENKINS, LTD

     Defendant.


AFFIDAVIT OF RoBERT D. EPSTEIN

Your affiant, Robert D. Epstein, being first duly sworn upon his oath, states the following:

1. I am an attorney licensed to practice in Indiana, attorney number 6726-49. I have been in practice for more than 30 years.

2. I am also duly admitted to practice and on the roll of attorneys in the Supreme Court of the United States, 7th Circuit, and several United States District Courts, and have been admitted pro hac vice in more than 15 other states and federal district courts.

3. I was admitted to practice pro hac vice in the United States District Court for the District of Massachusetts in connection with this case.

4. I have chaired or participated in numerous CLE panels over the years on a wide range of topics. I have extensive experience in general litigation, including complex litigation in federal court. My cases have included products liability cases, environmental superfund cases, medical malpractice cases, mass tort cases and class actions, primarily representing plaintiffs. Many of these cases have included jury trials, motions for summary judgment, discovery matters, and appeals.

5. I have specialized in the area of wine and wine litigation. In addition to being a lawyer, I was previously the wine critic for the Indianapolis Star. I have been active in the wine industry as an attorney, consultant, and collector for more than 30 years. I represent or have represented numerous wineries, wine writers and critics, and others in the industry. I have organized and participated in numerous national and international wine tastings and competitions.

6. I have extensive specialized experience in the issues involved in the instant case – whether the 21st Amendment gives states power to enact liquor laws that discriminate against interstate commerce. My co-counsel, James Tanford, and I brought the first case in the United States to challenge state laws restricting direct wine sales and shipments – *Bainbridge v. Freeman-Wilson*, 227 F.3d 848 (7th Cir. 2000). We were lead counsel in *Granholm v. Heald*, 125 S.Ct. 1885 (2005). We have been co-counsel in eleven additional cases: *Beskind v. Easley*, 325 F.3d 506 (4th Cir. 2003); *Freeman v. McGreevey*, #03-cv-3140 (D. N.J.); *Stahl v. Taft*, 2:03-cv-00597 (S.D. Ohio); *Parker v. Morrison* 1:03-cv-1948 (D. Ariz); *Baude v. Heath*, 1:05-cv-0735 (S.D. Ind.); *Huber Winery v. Wilcher*, 3:05-cv-289 (W.D. Ky); *Cutner v. Newman*, 2:05-cv-03007 (E.D. Pa.); *Wolfson v. Carcieri*, 03-cv-463 (D. R.I.), *Beau v. Moore*, 4:05-cv-903 (E.D. Ark), plus the present case. I have also been invited to speak to the National Conference of State Legislators on this issue as well as to other groups.

7. The impact of the decision in this case is significant. It will open the market for wine in Massachusetts, which is one of the larger wine markets in the country. It will allow small local wineries throughout the country to sell and deliver wine to their local customers who live in Massachusetts. It will allow such serious collectors to obtain rare and unusual allocated wines from the best wineries in the country that are sold only by direct sale to waiting lists of customers. There are approximately 3000 wineries in the United States,

Fewer than 500 of whom were previously allowed to sell their wine in Massachusetts. Now that the market has been opened, the remaining 2500 wineries may compete for sales and customers in the State.

8. I have attached my time records to this affidavit as Exhibit A, which were prepared contemporaneously with my expenditure of time.

9. I am prepared to accept an hourly rate of $425 per hour for legal work, plus $100 per hour for travel time, which is within the range of fees usually and customarily charged in the District of Massachusetts for complex federal civil litigation. I have spent 42.50 hours in legal work on this case and 4 hours of travel time. I am requesting that the court award $100 per hour for travel. I also had $250 in out-of-pocket expenses directly related to my legal work, all of which is itemized in Exhibit A. The total amount of my fee request is therefore $18,712.5.

10. The trips listed on Schedule D were meetings with lawyers from the wine industry on matters of strategy.

11. I devoted 41.50 hours to this case, broken down as follows:

    a. 18 hours devoted to pre-filing work.

    b. 10.25 hours on pleadings.

    c. 6.50 hours in correspondence and e-mails.

    d. 3.25 hours on conferences.

    e. 4.50 hours spent on miscellaneous and phone calls.

VERIFICATION

I hereby verify and affirm under penalties of perjury that the foregoing is true.

Date: _16/9/05_          Signed _____

Robert D. Epstein
(Indiana Attorney No.6726-49)
EPSTEIN COHEN DONAHOE & MENDES
50 South Meridian Street, Suite 500
Indianapolis, IN 46204

Subscribed and sworn to before me, this __9__ day of _October_, 2005.

_____
NOTARY PUBLIC
State of Indiana
County of Marion
My Commission expires _6/13/2013_

4

## SUMMARY

A. Pre-Filing                                                     18.00 hrs.

B. Pleading                                                       10.25 hrs.

C. Correspondence / E-Mails                                        6.50 hrs.

D. Conferences                                                     3.25 hrs.

E. Miscellaneous / Phone Calls                                     4.50 hrs.

                                    **TOTAL TIME**        **42.50 hrs.**


**EXPENSES**

Filing Fee and Admission Fee              **$250.00**


**Travel Time**                            **4.00 hrs.**

## A.  Pre-Filing

| | | |
|---|---|---|
| 6/15/2004 | Trip to Massachusetts | |
| | Meetings with Papas and Wolman | 2.50 hrs. |
| | Meeting with Marla Friedman | 2.00 hrs. |
| | *Travel Time*                     *5.00 hrs.* | |
| 6/20-21/2004 | Review Massachusetts Law<br>(3 Readings) | 4.50 hrs. |
| 7/10/2004 | Review Massachusetts Blue Book | 2.25 hrs. |
| 2/15-16/2005 | Review Case Law Applied to Massachusetts Case | 2.50 hrs. |
| 2/18/2005 | Meeting in New York City with Professor Arthur Miller | 1.50 hrs. |
| 3/5-6/2005 | Four (4) calls to Nick Smith | 1.25 hrs. |
| 5/1-3/2005 | Twelve (12) calls to Arthur Miller and his office | 1.50 hrs. |

**Total**              **18.00 Hours**

*Travel Time*        ***4.00 Hours***

## B. Pleadings

| 5/4/2005 | Review First Draft of Complaint | 1.00 hrs. |
| 5/4/2005 | Re-Read Case Law | 0.50 hrs. |
| 5/5/2005 | Re-Draft Complaint, changing Plaintiff | 0.50 hrs. |
| 6/27/2005 | Review Defendant's Answer | 0.50 hrs. |
| 7/12/2005 | Read Draft of Motion on Pleadings and Memo; 2nd Reading | 1.75 hrs. |
| 8/3/2005 | Review Assented Motion to Amend | 0.25 hrs. |
| 8/6/2005 | Read Final Draft of Motion on Pleadings | 0.75 hrs. |
| 8/29/2005 | Review Motion to Intervene | 1.00 hrs. |
| 8/30/2005 | Review Memo in Opposition | 0.50 hrs. |
| 9/7/2005 | Review Proposed Order<br>Discussion with Alex | 0.50 hrs.<br>0.25 hrs. |
| 9/15/2005 | Review Settlement Offer / Call to Alex | 0.50 hrs. |
| 9/30/2005 | Review State's Memo in Opposition<br>Call to Alex | 1.00 hrs.<br>0.50 hrs. |
| 10/1/2005 | Review our Memo in Opposition | 0.50 hrs. |
| 10/6/2005 | Review Order Granting Entry on Motion On Pleadings | 0.25 hrs. |

**Total          10.25 Hours**

## C. Correspondance / E-Mails

| Date | Description | Hours |
|---|---|---|
| 2/17/2005 | Letter to Arthur Miller | 0.250 hrs. |
| 3/7/2005 | Letter to Nick Smith / Stonington | 0.250 hrs. |
| 5/4/2005 | Letter to Arthur Miller | 0.250 hrs. |
| 5/4/2005 | Review Miller C/V | 0.250 hrs. |
| 5/4/2005 | Letter to Pappas and Wolman | 0.250 hrs. |
| 5/5/2005 | Review Tanford e-mail to Curran | 0.250 hrs. |
| 5/6/2005 | Letter to Nick Smith | 0.250 hrs. |
| 5/6/2005 | Letter to Tanford | 0.125 hrs. |
| 5/7/2005 | Letter to Miller | 0.125 hrs. |
| 6/30/2005 | Letter to Tanford | 0.125 hrs. |
| 7/7/2005 | 3 e-mails | 0.500 hrs. |
| 7/25/2005 | Review Curran e-mail | 0.125 hrs. |
| 7/29/2005 | Review Curran e-mail | 0.125 hrs. |
| 7/29/2005 | Review Curran e-mail | 0.125 hrs. |
| 8/2/2005 | Review Curran e-mail | 0.125 hrs. |
| 8/7/2005 | Review Curran e-mail | 0.125 hrs. |
| 8/15/2005 | Review Tanford e-mail | 0.125 hrs. |
| 9/1/2005 | Review Curran e-mail / call Alex | 0.250 hrs. |
| 9/6/2005 | Tandford e-mail | 0.250 hrs. |
| 9/9/2005 | Review Tanford e-mail / call Alex | 0.500 hrs. |
| 9/9/2005 | Review Curran e-mail | 0.125 hrs. |
| 9/9/2005 | E-Mail Proposed Order | 0.125 hrs. |
| 9/20/2005 | Curran e-mail | 0.125 hrs. |
| 9/23/2005 | Curran e-mail | 0.125 hrs. |
| 9/26/2005 | Boston Globe Editorial / Review | 0.250 hrs. |
| 10/5/2005 | E-Mail to Martel | 0.125 hrs. |
| 10/7/2005 | Curran e-mail | 0.125 hrs. |
| 10/7/2005 | Tanford e-mail | 0.125 hrs. |
| 10/7/2005 | Wine Spectator e-mail | 0.250 hrs. |
| 10/8/2005 | 3 e-mails to Martel | 0.250 hrs. |

**TOTAL**          **6.00 Hours**

## D.  Conferences

| | | |
|---|---|---|
| 6/14/2005 | Conference in Chicago with Genesen & Basile | 1.25 hrs. |
| 9/9/2005 | Conference Call of Attorney | 0.50 hrs. |
| 9/23/2005 | Conference with Carol Martel in Chiacago | 1.50 hrs. |

**Total        3.25 Hours**

## E.  Miscellaneous / Phone Calls

35 Phone Calls to Tanford (Estimate)                    2.50 hrs.

6 Phone Calls to Curran (Estimate)                      0.50 hrs.

Preparation of Time Sheets                              1.50 hrs.

**Total        4.50 Hours**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STONINGTON VINEYARDS, INC., et al. | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| | ) | No.  1:05-cv-10982-JLT |
| vs. | ) | |
| | ) | |
| EDDIE J. JENKINS, et al., | ) | |
| | ) | |
| Defendant | ) | |

---

### AFFIDAVIT OF JAMES A. TANFORD

Comes now James A. Tanford and swears under penalty of perjury as follows:

1. I am an attorney licensed to practice in Indiana, attorney number 16982-53.

2. I am also admitted to practice and on the roll of attorneys in the Supreme Court of the United States, the 4th, 6th, 7th and 11th Circuits, and several United States District Courts.

3. I was admitted to practice pro hac vice in the United States District Court for the District of Massachusetts on May 16, 2005, in connection with this case.

4. I received my J.D. from Duke Law School with distinction in 1976, was first admitted to the bar in 1977, and received an LL.M. from Duke in 1979.

5. I am a professor of law at Indiana University School of Law in Bloomington and have taught there since 1979.  My courses include Evidence, Pretrial Litigation, Trial Practice, and Constitutional Litigation.  I have been awarded the Ira C. Batman Faculty Fellowship, the Harry T. Ice Faculty Fellowship, and the John S. Hastings Faculty Fellowship.

6. Since becoming a law professor, I have been a consultant or appeared as attorney of record in approximately thirty cases, both civil and criminal, in both state and federal court.

1

Most of these cases have involved the litigation of constitutional issues, including *Collins v. Day*, 644 N.E.2d 72 (Ind.1994) (equal protection); *Robinson v. Monroe County* (I), 663 N.E.2d 196 (Ind.Ct.App.1996) (zoning due process); *Robinson v, Monroe County* (II) (Cir. Ct. Ind 1998) (due process); *Barnett v. Haslar* (S.D. Ind. 1994) (police shooting); *Dvorak v. City of Bloomington*, 702 N.E.2d 1121, 1123 (Ind.Ct.App.1998) (equal protection); *Bridenbaugh v. O'Bannon*, 185 F.3d 796 (7th Cir.1999) (establishment clause); *Tanford v. Brand*, 104 F.3d 982, 986 (7th Cir.1997) (establishment clause); *ICLU v. O'Bannon* (S.D. Ind 2000) (establishment clause); *Adkins v. Washington County* (S.D. Ind 2000) (establishment clause).

7.  I was appointed by Chief Justice Shepard to the Indiana Rules of Evidence Committee

8.  I have published seven books, including five related to litigation and constitutional law: THE PRETRIAL PROCESS (2003); THE TRIAL PROCESS: LAW, TACTICS AND ETHICS (3d ed. 2002); THE INDIANA TRIAL EVIDENCE MANUAL (5TH ED. 2003); CIVIL LIBERTIES IN CYBERIA: CONSTITUTIONAL LAW ON THE ELECTRONIC FRONTIER (1994); and HANDBOOK ON RELIGION IN THE SCHOOLS (1994).

9.  I have published approximately twenty law review articles, mostly on subjects related to litigation and constitutional law.

10.  I have taught more than twenty CLE courses for the Indiana Continuing Legal Education Forum, the Indiana Judicial Conference, the Indiana Civil Liberties Union, the Indiana Municipal Lawyers Association, the Indiana University Law School, and the national Wine and Spirits Association, on litigation, ethics, constitutional law, evidence, and the wine shipping issues.

11.  I have been involved as an attorney in this case from the beginning, acting as co-lead

2

counsel with Robert D. Epstein.

12. I have submitted my time sheets as Exhibit A, which were prepared contemporaneously with my expenditure of time, and accurately reflect time worked on this case. Any time worked on the case which I failed to promptly record has not been included.

13. I am a law professor and have no fixed billing rate. Much of the constitutional law work I have done over the last fifteen years has been *pro bono* or billed at a reduced rate based on the client's lack of resources. When I charge an hourly rate, I charge the prevailing rate for the location and type of case, which in this matter is $425 per hour. It is not my practice to record or bill for short telephone calls, emails, and other transactions that take less than five minutes each, nor to bill for office expenses such as photocopying.

14. I have special expertise in the area of the law relating to direct interstate wine sales and deliveries. My co-counsel, Robert Epstein, and I conceived and brought the first case to challenge state laws restricting direct wine sales and shipments. *Bridenbaugh v. Freeman-Wilson*, 227 F.3d 848 (7th Cir. 2000). I was counsel of record in *Granholm v. Heald*, 125 S.Ct. 1885 (2005). Robert Epstein and I are or have been co-counsel in twelve additional cases: *Beskind v. Easley,* 325 F.3d 506 (4th Cir. 2003); *Freeman v. McGreevey,* #03-cv-3140 (D. N.J.); *Stahl v. Taft*, 2:03-cv-00597 (S.D.Ohio); *Parker v. Morrison* 1:03-cv-1948 (D. Ariz.); *Baude v. Heath*, 1:05-cv-0735 (S.D. Ind.); *Huber Winery v. Wilcher*, 3:05-cv-289 (W.D. Ky); *Cutner v. Newman,* 2:05-cv-03007 (E.D. Pa); *Wolfson v. Carcieri*, 03-cv-463 (D. R.I.), *Beau v. Moore*, 4:05-cv-903 (E.D. Ark), *Cherry Hill Vineyard v. Baldacci*, 1:05-cv-153 (D. Me.), *Black Star Farms, LLC v. Morrison*, 2:05cv02620 (D. Ariz), plus the present case. I have also been invited to speak to the National Conference of State Liquor Administrators, the national Conference of

State Legislators, and the national Wine Beer & Spirits Law Conference on this issue.

15. The effect of the decision in this case will be to permit 2500 out-of-state wineries to enter the Massachusetts market for the first time and sell their wine to residents of Massachusetts. There are approximately 3000 wineries in the United States, fewer than 500 of whom were previously able to sell their wine in Massachusetts when they were required to sell through wholesalers. Now that the market has been opened, the remaining 2500 wineries may compete for sales and customers in the Commonwealth.

16. I am requesting that the court award attorney's fees in the amount of $425 an hour for the billable time I have spent on legal work on this case, which time as shown in my time records (Ex. A) is 31.25 hours. In addition, I spent 3.25 hours of travel time on this case, see Ex. A, for which I am requesting that the court award $100 per hour. I also had $553.22 in out-of-pocket expenses directly related to my legal work, for air fare, hotel and related travel expenses. See Ex. A. The total amount of my fee request is therefore $ 14,159.47.

I hereby swear and affirm under penalties of perjury that the foregoing is true.


Date: November 17, 2005                    /s/  **James A. Tanford**
                                           James A. Tanford
                                           Attorney # 16982-53
                                           Indiana University School of Law
                                           211 S. Indiana Av., Bloomington IN  47405
                                           (812) 855-4846

STONINGTON v JENKINS
CONTEMPORANEOUS TIME RECORD
James A. Tanford

| | | | |
|---|---|---|---|
| 02/23.05 | 1:40-2:40 | Download & read Mass alcohol laws & regs<br>Make copy for Bob | 1:00 |
| 02/25/05 | 1:30-4:00 | Read, outline and analyze Mass laws for discrimination | 2:30 |
| 05/02/05 | 10:15-11:45 | Draft complaint | 1:30 |
| 05/03/05 | 12:30-3:45 | Read local rules, finish complaint | 3:15 |
| 05/06/05 | 9:00-11:00 | Prepare complaint, pro hac motions & affidavits,<br>cover sheets, corp disclosure | 2:00 |
| 07/12/05 | 2:35-5:30 | Prepare 1st draft motion for judmt on pleadings, memo<br>in support, proposed order. | 2:55 |
| 07/25/05 | 2:45-3:55 | Review MC's draft of motion & brief, make corrections<br>and send back | 1:10 |
| 08/05/05 | 12:45-2:20 | Final draft of Motion for JP, memo and proposed<br>order; file. | 1:35 |
| 08/29.05 | 3:30-4:30 | Research & draft memo in opp to intervention | 1:00 |
| 08/30/05 | 10:50-11:55 | Continued and done | 1:05 |
| 09/02/05 | 4:55-5:25 | Read motion for stay | 0:30 |
| 09/06/05 | 11:05-12:30 | Draft proposed agreed order, review injunctions<br>with Prof. Shreve | 1:25 |
| 09/07/05 | 3:20-4:35 | Research, Draft opp to motion for stay | 1:15 |
| 09/08/05 | 8:50-9:20 | Complete opp to motion for stay<br>and file | 0:30 |
| 09.09/05 | 10:15-10:30<br>12:45-1:25 | Finalize proposed order & circulate<br>Scheduling conf, by phone | 0:15<br>0:40 |

| 09.14.05 | 9:00-9:15 | Read order granting ext of time, call clerk to get deadline set | 0:15 |
| | 2:45-3:00 | Draft settlement offer | 0:15 |
| | | | |
| 09.21.05 | 11:45-12:00 | Read local rules for CM report requirements, Prepare draft CM report | 2:05 |
| 09.22.05 | 9:05-10:25 | Cont'd, done & sent | |
| | | | |
| 9.26.05 | 8:35-8:45 | Brief research on certifying Questions | 0:10 |
| | 1:00-1:45 | Read faxed comments, have conf call with Barnico, prepare revised P/T statement for court. | 0:45 |

| 10.3.05 | 1:20-2:30 | Drove to airport for trip to Mass Hearing        travel 1:10 |
| | | 55 miles |
| | | (worked on plane, no travel time billed) |
| | | Dinner Legal Seafood 64.50 |
| | | Air fare  236.90 |
| | | Hotel Airport Hilton  196.79 |

| 10.4.05 | 9:30-10:00 | travel to courthouse | 1:15 |
| | 10:00-10:45 | waiting for hearing, reviewed notes & prepped | |
| | 10:45-11:15 | Hearing | |
| | 11:15-11:40 | travel to airport | |
| | | Bkfst 5.91                                        travel 2:05 |
| | | Lunch 7.12 |
| | | Cab fare 26.00 |
| | | Parking 16.00 |
| | | (worked on plane, no travel time billed) |
| | 8:40-9:50 | drove home |
| | | 55 miles |

| 10.20.05 | 8:50-9:05 | Read Curran's fee materials, respond re: addditional aff | 0:15 |
| | | | |
| 11.16.05 | 2:05-6:00 | Prepare fee petition, memorandum in support, my affidavit, | 3:55 |
| | | | |
| | Total hours: | | 31:15 |

Travel time:  3:15
Expenses:  $553.22

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STONINGTON VINEYARDS, INC. et al.)
                     )
          Plaintiffs,      )     CIVIL ACTION
                     )
      vs.            )     No.  1:05cv-10982-JLT
                     )
EDDIE J. JENKINS,        )
                     )
         Defendant      )

---

## AFFIDAVIT OF MAUREEN E. CURRAN

I, Maureen E. Curran, being of legal age, hereby state based upon my own personal knowledge under the pains and penalties of perjury, as follows:

1. I have been a trial attorney licensed to practice in the Commonwealth of Massachusetts since 1991 (Board of Bar Overseers Number 558826). In addition, I have been admitted to practice in the U.S. District Court, District of Massachusetts and U.S. Court of Appeals, First Circuit and U.S. Supreme Court.

2. In February of 2005, I established my own law firm specializing in civil litigation. Prior to that time, I practiced law for eight years at Hemenway & Barnes, now the oldest law firm in Boston. From 1991 to 1996, I practiced at Conn, Kavanaugh, Rosenthal, Peisch & Ford in Boston. While at both firms, I specialized in civil litigation, practicing in both state and federal courts. I have tried cases in federal district court and most Massachusetts trial courts. Besides

trials at Massachusetts Federal District Court, I have participated in litigation in the Western District of Kentucky Federal Court and the New Jersey Federal District Court. I have argued before the United States Court of Appeals for the First Circuit Court of Appeals, the Massachusetts Supreme Judicial Court, and the Massachusetts Appeals Court. I have participated in an appeal before the United States Court of Appeals for the Sixth Circuit.

3. I graduated from Merrimack College (*summa cum laude*) in 1988 and from Boston College Law School in 1991. I have been a council member for the Boston College Law School Alumni Association, since 1999, and am currently the President-Elect. I have judged many competitions at the law school, including Client Counseling, Negotiations, and Moot Court. At Boston College Law School, I have been an Adjunct Lecturer, Litigation Specialist in a Pretrial Litigation course. I have taught many courses at the Massachusetts Continuing Legal Education on topics related to litigation, and I was a contributing author to the Massachusetts Continuing Legal Education, Inc. publication entitled Drafting Effective Litigation Documents (MCLE 1998).

3. I am a member of the American Bar Association, the Massachusetts Bar Association, the Boston Bar Association, and the Women's Bar Association.

4. I have had fee petitions approved, including Amcel

Corp. v. International Exec. Sales, Inc., 1997 U.S. Dist. LEXIS
23543, 37-38 (D. Mass. 1997) (where the court found that
"counsel performed ably in both oral and written advocacy
before, during, and after the trial. The rates are reasonable,
given the professional experience of those persons performing
services and in light of rates for legal and paralegal services
in the Boston-area legal market").

4.  I have served as local trial attorney in this
litigation. I have attached my contemporaneous time records to
this affidavit.  Between May and October of 2005, I spent 25.2
hours on this matter.  As indicated in the timesheets, that
time included at times preparation, and at other times,
finalization of pleadings and other documents for filing with
the court, conversations with both co-counsel and opposing
counsel in efforts to resolve the matter, and attendance at
court.  I have attempted to represent the clients efficiently
and cost effectively.   I believe that the number of hours
billed was necessary and reasonable for the litigation of this
matter.

5.  Among the major large litigation Boston firms, hourly
rates between $475 and $525 per hour are a typical billing rate
for lawyers with 14 years experience.   Since starting my own
practice, my hourly rate is $300 an hour.  I believe that my
rate is within the low range of prevailing fees for attorneys

with my experience and background in litigation in the city of Boston.

6.  I am therefore requesting $7,527.50 in legal fees in this matter.

7.  Again, in the major large litigation Boston firms, hourly rates between $550 and $600 are common for litigators with between 25-30 years of experience, similar to the experience of my co-counsel on this matter, Robert D. Epstein and James Tanford.

8.  I have worked closely with both Robert Epstein and James Tanford on this matter.  I am familiar with their skills, attention to detail and fine work product.  I have reviewed their respective affidavits and their time records submitted in support of their motion for fees.  It is my opinion that a reasonable hourly rate in the Boston area for an attorney with similar credentials, reputation and expertise for federal civil litigation would be $450.

Signed and sworn under the pains and penalties of perjury this 16th day of November, 2005.

Maureen E. Curran

4

# LAW OFFICE OF MAUREEN CURRAN

50 Congress Street
Boston, MA 02109
617-227-4100

10/20/2005

TO:

James A. Tanford
211 S. Indiana Avenue
Bloomington IN 47405-7001

In Reference To: Stonington Vineyards, Inc. et al v. Jenkin **Case Number:**
1:05-cv-10982

Invoice #     10044

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 5/5/2005 MEC | Communication<br>from Alex Tanford regarding local representation | 0.20<br>275.00/hr | 55.00 |
| 5/6/2005 MEC | Communication<br>with Alex Tanford regarding case strategy | 0.10<br>275.00/hr | 27.50 |
| 5/9/2005 MEC | Review<br>draft complaint; review website regarding Michigan case; open file | 1.00<br>275.00/hr | 275.00 |
| 5/10/2005 MEC | Review<br>correspondence from Alex Tanford and response regarding filing in<br>U.S.D.C. for the District of Massachusetts | 0.20<br>300.00/hr | 60.00 |
| 5/11/2005 MEC | Preparation<br>of civil action cover sheet | 0.20<br>300.00/hr | 60.00 |
| MEC | Communication<br>to Alex Tanford; telephone call from Bob Epstein regarding draft complaint | 0.10<br>300.00/hr | 30.00 |
| MEC | Review<br>documents; communication with Alex Tanford regarding same | 0.10<br>300.00/hr | 30.00 |
| MEC | Preparation<br>of pleadings and attachments for filing | 1.00<br>300.00/hr | 300.00 |

James A. Tanford                                                                                    Page      2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/12/2005 MEC | Further<br>work on package for filing; file case in District Court; communication with<br>co-counsel regarding same | | 1.10<br>300.00/hr | 330.00 |
| | MEC | Communication<br>with co-counsel regarding service on defendant; review rules Regarding:<br>service on state agency; prepare letter to Attorney General; prepare letter to<br>Chairman of ABCC | 0.80<br>300.00/hr | 240.00 |
| | MEC | Further<br>work on letters to defendant; | 0.50<br>300.00/hr | 150.00 |
| 5/17/2005 MEC | Review<br>Supreme Court decision in Michigan case | | 0.50<br>300.00/hr | 150.00 |
| | MEC | Forward<br>docket sheet to Alex Tanford and Bob Epstein; review and forward Globe<br>article regarding Massachusetts' position | 0.10<br>300.00/hr | 30.00 |
| | MEC | Communication<br>from Alex Tanford regarding electronic filing | 0.10<br>300.00/hr | 30.00 |
| | MEC | Telephone call<br>from Nick Smith regarding status given Supreme Court decision | 0.10<br>300.00/hr | 30.00 |
| 5/18/2005 MEC | Telephone call<br>Court clerk regarding electronic filing; communication to Alex Tanford<br>regarding same | | 0.20<br>300.00/hr | 60.00 |
| | MEC | Telephone call<br>to Alex Tanford regarding history of Michigan case | 0.10<br>300.00/hr | 30.00 |
| 5/19/2005 MEC | Telephone call<br>from Nick Papas regarding filing of the complaint and next steps | | 0.10<br>300.00/hr | 30.00 |
| 5/26/2005 MEC | Telephone call<br>from Tom Barnico regarding requested extension; telephone call to Alex<br>Tansford regarding requested extension | | 0.10<br>300.00/hr | 30.00 |

James A. Tanford                                                                                    Page    3

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 5/27/2005 MEC | Letter to client<br>from Alex Tanford and response; correspondence from and to Tom Barnico | 0.10<br>300.00/hr | 30.00 |
| 6/20/2005 MEC | Telephone call<br>from Tom Barnico regarding possible stay due to legislative activity;<br>research regarding pending bill | 0.60<br>300.00/hr | 180.00 |
| 6/21/2005 MEC | Telephone call<br>to State House regarding hearings on wine shipment legislation | 0.20<br>300.00/hr | 60.00 |
| 6/22/2005 MEC | Review<br>Answer | 0.20<br>300.00/hr | 60.00 |
| 6/27/2005 MEC | Further<br>research on legislation; prepare return of service; prepare letter to court;<br>communication to Alex Tanford regarding communication from Tom Barnico | 1.00<br>300.00/hr | 300.00 |
| MEC | Further<br>communications Regarding strategy | 0.10<br>300.00/hr | 30.00 |
| 6/28/2005 MEC | Communication<br>with co-counsel regarding requested stay; client's strategy; forward Answer<br>to Bob Epstein | 0.40<br>300.00/hr | 120.00 |
| MEC | Telephone call<br>from Bob Epstein's office regarding electronic filing | 0.10<br>300.00/hr | 30.00 |
| 7/5/2005 MEC | Telephone call<br>with co-counsel regarding strategy and next steps | 0.20<br>300.00/hr | 60.00 |
| 7/6/2005 MEC | Telephone call<br>from Tom Barnico regarding request for stay and motion to amend | 0.10<br>300.00/hr | 30.00 |
| 7/8/2005 MEC | Communication<br>with co-counsel regarding filing | 0.10<br>300.00/hr | 30.00 |

James A. Tanford                                                                                    Page     4

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 7/25/2005 MEC | Review<br>and revise draft Motion for Judgment on the Pleadings; communications to Alex Tanford regarding same | 1.00<br>300.00/hr | 300.00 |
| 7/26/2005 MEC | Communication<br>with Alex Tanford regarding drafts | 0.10<br>300.00/hr | 30.00 |
| MEC | Telephone call<br>from Tom Barnico regarding motions and conference; further communications regarding same | 0.40<br>300.00/hr | 120.00 |
| MEC | Further<br>review of revised drafts; communications to Alex Tanford regarding same; review file regarding case management conference; telephone message to Tom Barnico regarding same | 0.50<br>300.00/hr | 150.00 |
| 7/29/2005 MEC | Preparation<br>of Motion to Amend; preparation of amended complaint; communication to Alex Tanford and Bob Epstein regarding same; prepare certification | 1.50<br>300.00/hr | 450.00 |
| 8/1/2005 MEC | Review<br>correspondence from Alex Tanford; communication to Tom Barnico regarding Motion to Amend and Motion for Judgment on the Pleadings | 0.20<br>300.00/hr | 60.00 |
| MEC | Telephone call<br>from Tom Barnico regarding Motion to Amend and Local Rule 7.1 conference on Judgment on the Pleadings | 0.20<br>300.00/hr | 60.00 |
| 8/2/2005 MEC | Filing<br>Motion to Amend; letter to Tom Barnico regarding same; communication regarding case management report; communication with Tom Barnico regarding same | 0.80<br>300.00/hr | 240.00 |
| 8/3/2005 MEC | Communication<br>with court regarding Motion to Amend | 0.10<br>300.00/hr | 30.00 |
| MEC | Telephone call<br>from Tom Barnico regarding case management; telephone call to court regarding same | 0.20<br>300.00/hr | 60.00 |

James A. Tanford                                                                              Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/6/2005 | MEC | Review<br>communication from court; communication to Alex Tanford regarding Judge Tauro's Standing Order | 0.20<br>300.00/hr | 60.00 |
|  | MEC | Communication<br>to Alex Tanford Regarding:  case management conference | 0.20<br>300.00/hr | 60.00 |
| 8/15/2005 | MEC | Communication<br>with opposing counsel regarding motion; review motion for enlargement; communication with opposing counsel regarding same; review file; communication with court regarding motion to amend; review communication from court | 0.40<br>300.00/hr | 120.00 |
| 8/22/2005 | MEC | Review<br>Motions filed by Wholesalers; review rule Regarding: same; communications to Alex Tanford and Bob Epstein regarding same | 0.80<br>300.00/hr | 240.00 |
| 8/26/2005 | MEC | Review<br>order of court; file Amended Complaint | 0.30<br>300.00/hr | 90.00 |
| 8/29/2005 | MEC | Review<br>orders from court; docket dates; communication to co-counsel regarding same. | 0.30<br>300.00/hr | 90.00 |
| 8/30/2005 | MEC | Review<br>opposition to Motion to intervene | 0.10<br>300.00/hr | 30.00 |
| 8/31/2005 | MEC | Review<br>Answer; Review correspondence from court; communication to Tom Barnico regarding return of service; prepare summons; Prepare  return of service; update file | 0.50<br>300.00/hr | 150.00 |
|  | MEC | Communication<br>from Tom Barnico regarding return of service; prepare documents; | 0.30<br>300.00/hr | 90.00 |
| 9/1/2005 | MEC | Telephone call<br>from David Hadas regarding Motion to Stay | 0.20<br>300.00/hr | 60.00 |

James A. Tanford                                                                                          Page      6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/1/2005 | MEC | Communication<br>from David Hadas regarding discovery conference; communication to<br>co-counsel regarding same and motion to stay | 0.10<br>300.00/hr | 30.00 |
| 9/2/2005 | MEC | Communication<br>from co-counsel regarding motion to stay; communtication to AG's office<br>regarding same as well as discovery conference | 0.10<br>300.00/hr | 30.00 |
|  | MEC | Further<br>communications with Alex Tanford and David Hadas | 0.10<br>300.00/hr | 30.00 |
| 9/6/2005 | MEC | Review<br>pleadings filed by A.G. | 0.10<br>300.00/hr | 30.00 |
| 9/8/2005 | MEC | Review<br>motions and oppositions; edit; communication to Alex Tanford regarding<br>same | 0.30<br>300.00/hr | 90.00 |
| 9/9/2005 | MEC | Conference with client<br>call with Bob Epstein and Alex Tanford and then conference call with AG's<br>office pursuant to scheduling conference order | 0.60<br>300.00/hr | 180.00 |
|  | MEC | Communication<br>from Bob Epstein's partner regarding motion pro hac vice and appearance;<br>response thereto | 0.10<br>300.00/hr | 30.00 |
| 9/19/2005 | MEC | Review<br>and forward to co-counsel media attention; review orders from court; review<br>communications from co-counsel regarding joint conference statement | 0.30<br>300.00/hr | 90.00 |
| 9/22/2005 | MEC | Review<br>drafts of Settlement proposal; joint statement, and proposed judgment | 0.20<br>300.00/hr | 60.00 |
| 9/23/2005 | MEC | Communication<br>from David Hadas regarding Motion for certification of question to the<br>Supreme Judicial Court | 0.10<br>300.00/hr | 30.00 |

James A. Tanford

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/26/2005 MEC | Communication | | 0.10 | 30.00 |
| | with co-counsel regarded Motion for Cerfitication of question to Supreme Judicial Court | | 300.00/hr | |
| MEC | Telephone call | | 0.10 | 30.00 |
| | to Tom Barnico regarding Motion for Certification of Question | | 300.00/hr | |
| 9/29/2005 MEC | Review | | 0.50 | 150.00 |
| | Opposition to Judgment on Pleadings; Motion for Certification of Question and Motion in Support thereof | | 300.00/hr | |
| 10/4/2005 MEC | Preparation | | 1.00 | 300.00 |
| | for hearing; research status of pending legislation | | 300.00/hr | |
| MEC | Attendance | | 2.00 | 600.00 |
| | at scheduling conference with Judge Tauro | | 300.00/hr | |
| 10/7/2005 MEC | Review | | 0.20 | 60.00 |
| | court order; communication to Alex Tanford regarding same; review proposed affidavits | | 300.00/hr | |
| MEC | Preparation | | 1.30 | 390.00 |
| | Preparation of affidavit | | 300.00/hr | |
| | **For professional services rendered** | | **25.20** | **$7,527.50** |