UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON VINEYARDS, INC., et al. ) | |
| ) | CIVIL ACTION |
| Plaintiffs, ) | |
| ) | No.  1:05-cv-10982-JLT |
| vs. ) | |
| ) | |
| EDDIE J. JENKINS, et al., ) | |
| ) | |
| Defendant ) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES**

**1. Plaintiffs are entitled to attorneys' fees**

   Plaintiffs are prevailing parties in a federal civil rights case brought pursuant to 42 U.S.C. § 1983.  As such, they are entitled to an award of reasonable attorneys' fees under 42 U.S.C. § 1988(b).  *Farrar v. Hobby*, 506 U.S. 103, 112 (1992).  Section 1988 provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title... , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs....

Although the statute speaks of "discretion," the United States Supreme Court has established that a prevailing plaintiff is entitled to fees unless the defendants establish "special circumstances" which would make the award of fees unjust. *Hensley v. Eckerhart*, 461 U.S. 424, 428 (1983). Section 1988 presumes that fees should be awarded to successful civil rights act plaintiffs. *Williams v. Hanover Housing Authority*, 113 F.3d 1294 (1st Cir. 1997).  The section provides for

attorneys' fees in all Section 1983 actions without regard to the type of relief sought or the federal claim raised. *Busche v. Burkee*, 649 F.2d 509 (7th Cir. 1981); *Haley v. Pataki*, 106 F.3d 578 (2nd Cir. 1997). It is well established that suits for violations of the commerce clause may be brought under Section 1983, *Dennis v. Higgins*, 498 U.S. 439 (1991), and therefore support an award of attorneys fees.

**2. Attorneys' fees are determined by a "lodestar" method that multiples the hours reasonably expended times a reasonable hourly rate.**

To calculate reasonable attorneys' fees, the district court in most cases should use the "lodestar" method set forth in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-66 (1986):

> We first addressed the question of the proper manner in which to determine a "reasonable" attorney's fee in *Hensley v. Eckerhart,* 461 U.S. 424 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)... "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." 461 U.S., at 433.... "The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward...." *Id.,* at 434... We further refined our views in *Blum v. Stepson,* 465 U.S. 886 (1984) [and] found that "[when ... the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product *is presumed* to be the reasonable fee" to which counsel is entitled. *Id.,* at 897.... Although upward adjustments of the lodestar figure are still permissible, *id.,* at 901, 104 S.Ct., at 1550, such modifications are proper only in certain "rare" and "exceptional" cases, supported by both "specific evidence" on the record and detailed findings by the lower courts. See *id.,* at 898-901....

The First Circuit has summarized the proper calculation of attorneys' fees as follows:

> Under most federal fee-shifting statutes, including the Fees Act, the trial judge must determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433, 103 S.Ct. 1933. In implementing this lodestar approach, the judge calculates the time

> counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved).

*Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 295 (1st Cir. 2001).

The trial judge may, within limits, adjust the "lodestar" to reflect relevant considerations peculiar to the subject litigation. The factors which the district court may consider, either in determining the basic lodestar fee or adjustments thereto, include the twelve listed in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974). Those factors are:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

The First Circuit "has embraced the *Johnson* factors for use in sculpting fee awards." *Coutin v. Young & Rubicam P.R., Inc.*, 124 F.3d 331, 337 n.3 (1st Cir. 1997). In this case, the results obtained were excellent and opened the entire Massachusetts market to 2500 out-of-state wineries who formerly could not do business here. The significant state-wide impact of this case justifies a fully compensatory fee award.

When two or more attorneys work on a case, they are entitled to compensation for time spent consulting with each other that is reasonably proportionate to their total hours. Although the Court may deduct for unnecessary double-billing, the complexity of modern litigation frequently justifies the use of more than one attorney. *Poy v. Boutselis*, 352 F.3d 479, 489-90 (1st Cir.

2003). The test is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

Fees awarded to public interest and pro bono lawyers are calculated the same way as fees to lawyers in private practice. *See Board of Trustees of the Hotel & Rest. Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998); *Ramos v. Lamm*, 713 F.2d 546, 551 (10th Cir. 1983).

**3. In this case, Plaintiffs' lodestar attorneys' fee request is reasonable**.

Plaintiffs have requested that they be awarded $425.00 an hour for the services of Robert D. Epstein, Esq. an experienced litigator with special expertise in the wine industry; and James A. Tanford, a law professor from Indiana University with special expertise in constitutional litigation. Both attorneys have been in practice for more than 25 years and have unique expertise relevant to this case. They are or have been counsel of record in twelve other cases challenging the constitutionality of wine direct shipment laws, including *Granholm v. Heald,* 125 S.Ct. 1885 (2005). Plaintiffs were fully justified in hiring the best and most experienced attorneys in this field. As the prompt favorable results show, their experience enabled them to rapidly frame the case as within the precedent of *Granholm* and bring it to a prompt conclusion without having to spend many hours in background legal research.

The amount requested is within the range of hourly rates charged by Boston-area lawyers for complicated federal litigation, and well below the top hourly rate in the area as proved by the Curran affidavit. The court may also rely on its own knowledge and experience regarding attorneys' fees and the local market. *Garcia-Goyco v. Law Environ. Consultants, Inc.*, ___ F.3d ___; 2005 WL 2837525 (1st Cir. 2005).

Plaintiffs have also requested $300 an hour for Maureen E. Curran, who has 14 years' experience in federal litigation, who served as local counsel. Ms. Curran is a civil litigation specialist and adjunct professor of litigation at Boston College School of Law. That rate represents her regular billing rate, which is below the rates charged by many attorneys with equivalent expertise.

Plaintiffs have supported the reasonableness of these requests with the affidavits of Mr. Epstein, Prof. Tanford, and Ms. Curran, explaining their experience and their expertise in this particular area of law, and the currently prevailing market rates for this kind of litigation.

**4. The Plaintiffs' counsel is entitled to reimbursement of expenses.**

Plaintiff's counsel seek reimbursement for costs and expenses of Mr. Epstein and Mr. Tanford of $803.22. Those expenses are explained in their affidavits and time records. Out-of-pocket and office expenses of the type normally charged to clients are recoverable under Section 1988. *Robins v. Scholastic Book Fairs*, 928 F.Supp. 1027 (D.Or. 1996), *aff'd* 116 F.3d 485; *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374 (5th Cir. 1990).

**5. Hearing not required**

The court is not generally required to hold a hearing regarding attorneys' fees; *DeJesus v. Banco Popular de P.R.*, 951 F.2d 3, 7 (1st Cir. 1991), *Carey v. Crescenzi*, 923 F.2d 18, 22 (2d Cir. 1991); unless there is a factual dispute, e.g., whether plaintiff is a prevailing party. *See Church of Scientology v. U.S. Postal Serv.*, 700 F.2d 486, 494 (9th Cir. 1983).

CONCLUSION

The Plaintiffs are prevailing parties as against the defendants.  As such, they are entitled to recover their reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988 in the total amount of $40,431.97.

    Respectfully submitted,

**/s/  James A. Tanford**
James A. Tanford (Indiana Bar No. 16982-53)
INDIANA UNIVERSITY SCHOOL OF LAW
211 South Indiana Avenue
Bloomington, IN    47405
Tel:  812-855-4846
Fax:  812-855-0555
tanford@indiana.edu

Robert D. Epstein (Indiana Bar No. 6726-49)
EPSTEIN COHEN DONAHOE & MENDES
50 S. Meridian St., Suite 505
Indianapolis IN  46204
Tel: (317) 639-1326
Fax: (317) 638-9891
Rdepstein@aol.com

Maureen E. Curran (BBO# 558826)
LAW OFFICE OF MAUREEN E. CURRAN
50 Congress St
Boston MA 02109
Tel:  617-227-4100
maureen@maureencurran.com

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was filed electronically on the 16th day of November, 2005.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's PACER system.

Thomas A. Barnico
David Hadas
Assistant Attorneys General
One Ashburton Pl., Room 2019
Boston MA  02108
*Attorneys for Defendants Jenkins et al*


**/s/  James A. Tanford**
James A. Tanford (Attorney No. 16982-53)
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN    47405
Tel:  812-855-4846
Fax:  812-855-0555
tanford@indiana.edu